J-S49035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BREON BROWN | |
| Appellant | No. 3583 EDA 2013 |

Appeal from the PCRA Order of November 21, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos: CP-51-CR-0012678-2007 & CP-51-CR-0003471-2008

BEFORE:  OLSON, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 06, 2014**

Breon Brown appeals from an order dismissing without a hearing his first petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Brown has also filed a motion for leave to file a supplemental brief.  We affirm the PCRA court's order and deny Appellant's motion.

We assume the parties' familiarity with the facts.  For a detailed summary, see our decision on direct appeal.  ***Commonwealth v. Brown***, 23 A.3d 1076, Nos. 827 & 828 EDA 2009, at 1-6 (Pa. Super. filed Jan. 7, 2011) (unpublished memorandum), *app. denied*, 24 A.3d 863 (Pa. 2011). For purposes of this appeal, it is sufficient to note that Appellant and two others were accused of using a firearm to rob two teenagers.  A jury

convicted Appellant of all charges.[1]  The jury returned a split verdict for the first co-defendant and a straight acquittal for the second co-defendant. Appellant received an aggregate sentence of 7 to 14 years in prison.  We affirmed the judgment of sentence on direct appeal.  In particular, we held that Appellant waived a challenge to the weight of the evidence supporting his convictions, because he failed to raise the issue in the trial court.  **See** Pa.R.Crim.P. 607(A).  Our Supreme Court denied Appellant's petition for allowance of appeal.

Appellant filed a timely first PCRA petition on August 19, 2011.  The PCRA court appointed counsel, who filed an amended petition on May 28, 2013.  Appellant raised one issue: a challenge to trial counsel's effectiveness for failing to preserve a challenge to the weight of the evidence on direct review.  After providing Appellant with notice of intention to dismiss, on November 21, 2013, the PCRA court dismissed Appellant's petition without a hearing.  This appeal followed.

> In reviewing the propriety of a PCRA court's order dismissing a PCRA petition, we are limited to determining whether the PCRA court's findings are supported by the record and whether the order in question is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.  Moreover, there is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material

_____

[1] Appellant was convicted of two counts of robbery, two counts of criminal conspiracy, and possessing instruments of crime.  18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903(a)(1), and 907(a), respectively.

fact exist, then a hearing is not necessary. A reviewing court must examine the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing.

***Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa. Super. 2008) (internal quotations, citations, and alterations omitted); ***see also Commonwealth v. Baumhammers***, 92 A.3d 708, 726 (Pa. 2014) ("To obtain reversal of a PCRA court's summary dismissal of a petition, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief.").

On appeal, Appellant advances the sole claim of ineffective assistance of counsel rejected by the PCRA court.[2] To obtain relief on a claim of ineffective assistance of counsel, a PCRA petitioner must plead and prove that (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) resulting prejudice such that there is a reasonable probability that the result of the proceedings would have been different but for counsel's error. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014) (quoting ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013)). The Supreme Court recently reiterated that a petitioner must "show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it could have

_____

[2] The Commonwealth has not filed an appellee's brief.

reasonably had an adverse effect on the outcome of the proceedings." *Commonwealth v. Spotz*, 84 A.3d 294, 315 (Pa. 2014) (internal quotation omitted). Finally, a petitioner must satisfy all three prongs of the test for ineffectiveness, or the claim must be rejected. *Baumhammers*, 92 A.3d at 719.

Turning to this case, Appellant argues that his claim has arguable merit because he was convicted based on weak, inherently unreliable, and suggestive identification testimony. Appellant's Brief at 10-14. He further argues that police officers may have tampered with evidence. *Id.* at 14. For the same reasons, Appellant claims that he suffered prejudice. *Id.* He also contends that trial counsel's strategy in failing to preserve a challenge to the weight of the evidence was unreasonable.

Appellant bore the burden of showing prejudice, *i.e.*, but for trial counsel's ineffectiveness, there is a reasonable probability that he would have received a new trial. He cannot meet that burden.

In a brief opinion, the PCRA court—*i.e.*, the same judge who presided at Appellant's jury trial—found that Appellant would be unable to prove that he was prejudiced:

> At trial, both [victims] identified [Appellant] as one of the three men who had robbed them during their respective incidents. [The first victim] testified that seconds before he was robbed, he saw a small, dark colored station wagon drive by him and then park around the corner. [The first victim] told the jury he saw three men get out of the station wagon and walk up to him seconds before the three men robbed him. Not only was this station wagon owned by [Appellant's] mother, but [the first victim's] stolen sweatshirt was found inside it according to police

- 4 -

who searched the car after the robberies. Also found inside the station wagon was a scooter like the one [the second victim] saw before he was attacked at gunpoint.

Because the evidence against [Appellant] was overwhelming, the absence of a weight of the evidence claim has no effect. There is no reasonable probability that a new trial would have resulted if only such a claim [had] been litigated earlier.

PCRA Court Rule 1925(a) Opinion, 2/5/14, at 3-4.

Had Appellant's trial counsel preserved a weight-of-the-evidence challenge, the trial judge would have denied the motion. In the opinion quoted above, the trial judge stated that the evidence against Appellant was "overwhelming."[3] **Id.** Thus, there is **no** probability that the result of a motion for a new trial would have been different in the trial court.

On direct appeal, this Court could have reversed the trial judge's decision only if "the facts and inferences of record disclose a palpable abuse of discretion." **Commonwealth v. Cousar**, 928 A.2d 1025, 1036 (Pa. 2007). "Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." **Id.** For this reason, Appellant cannot demonstrate a reasonable probability that he

---

[3] On direct appeal, Appellant's trial counsel first raised a challenge to the weight of the evidence in his Pa.R.A.P. 1925(b) concise statement. Responding to Appellant's concise statement, the trial judge found the challenge to the weight of the evidence waived. Trial Court Rule 1925(a) Opinion, 2/1/13, at 9-10. In the alternative, the trial judge stated that the claim was meritless, **id.**, i.e., the trial judge reached the same conclusion on direct appeal as in this PCRA appeal. **Compare id., with** PCRA Court Rule 1925(a) Opinion, 2/5/14, at 3-4.

would have succeeded in his challenge to the weight of the evidence. Because Appellant is unable to show prejudice, we need not address whether his claim has arguable merit or whether trial counsel's strategy was unreasonable.[4] **Baumhammers**, 92 A.3d at 719.

Appellant cannot show that he was prejudiced by any alleged ineffective assistance of trial counsel. Therefore, he failed to raise a genuine issue of fact that, if resolved in his favor, would entitle him to PCRA relief. Accordingly, we hold the PCRA court properly dismissed Appellant's PCRA petition.

Finally, we deny Appellant's Motion for Leave to File Addendum, *i.e.*, a supplemental brief. In the motion, counsel requests leave to file a supplemental brief raising a challenge to the legality of Appellant's sentence under **Alleyne v. United States**, 133 S. Ct. 2151 (2013). Appellant contends, for the first time, that his sentence is illegal under **Alleyne** because the trial judge applied a five-year mandatory minimum sentence for committing a crime of violence by, *inter alia*, visibly possessing a firearm

---

[4] Appellant urges this Court to find that trial counsel rendered ineffective assistance of counsel, vacate his conviction, and remand for retrial. As an appellate court, however, we cannot reach the factual findings required to sustain an ineffectiveness claim. **Commonwealth v. Colavita**, 993 A.2d 874, 894-896 (Pa. 2010) (holding the Superior Court erred in finding counsel's trial strategy *per se* unreasonable based on the record alone). If we had agreed with Appellant, we would vacate and remand for a hearing on the merits of his PCRA petition.

that placed the victim in reasonable fear of death or serious bodily injury, 42 Pa.C.S.A. § 9712. "Here, Appellant failed to present his legality of sentencing claim in his PCRA petition, or otherwise in the PCRA court below, and raised the issue for the first time [in a supplemental brief]. It is well-settled that issues not raised in a PCRA petition cannot be considered on appeal."[5] *See Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (internal quotation omitted). *But cf. Commonwealth v. Weatherill*, 24 A.3d 435, 437 (Pa. Super. 2011) (noting a split of authority as to whether legality of sentence may be raised for the first time on PCRA appeal).

Order affirmed. Motion for Leave to File Addendum denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2014

---

[5] Insofar as Appellant claims *Alleyne* retroactively precludes the trial court's use of the deadly-weapon sentencing enhancement (DWE), we would find his argument meritless. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014) (*en banc*). *Alleyne* concerns imposition of **mandatory** minimum sentences from which a sentencing court cannot deviate. The DWE merely requires a court to raise the sentencing guidelines range. The trial court retains discretion to sentence outside the DWE guidelines range, as it did in this case. *See id.*