J-S75026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LARRY PHILLIPS | |
| Appellant | No. 850 EDA 2014 |

Appeal from the PCRA Order February 21, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0200101-2001

BEFORE:  ALLEN, J., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 29, 2014**

Larry Phillips appeals from the order of the Court of Common Pleas of Philadelphia County dismissing, as untimely, his second petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  We affirm.

On March 6, 2001, Phillips entered an open guilty plea to one count each of aggravated assault, criminal conspiracy, possessing an instrument of crime and carrying a firearm without a license.  Phillips was sentenced to an aggregate term of 13½ to 27 years' imprisonment on May 8, 2001.  This Court affirmed his judgment of sentence on October 4, 2002, and Phillips did not seek allowance of appeal.

Phillips filed a PCRA petition on October 28, 2002, which was dismissed on December 3, 2003 after counsel filed a ***Turner/Finley*** "no

merit" letter. Phillips was permitted to appeal the order denying his PCRA petition, *nunc pro tunc*, and this Court affirmed that order on June 2, 2005.

On April 30, 2012, Phillips filed the instant *pro se* PCRA petition, in which he alleged he received ineffective assistance of counsel during his plea negotiations and sought relief based upon the decisions of the U.S. Supreme Court in **Lafler v. Cooper**, __ U.S. __, 132 S.Ct. 1376 (2012), **Missouri v. Frye**, __ U.S. __, 132 S.Ct. 1399 (2012),[1] and **Martinez v. Ryan**, __ U.S. __, 132 S.Ct 1309 (2012)[2]. The PCRA court dismissed the petition as untimely, without a hearing, by order dated February 21, 2014.

_____

[1] In **Lafler**, the U.S. Supreme Court held that relief is due where ineffective assistance of counsel caused non-acceptance of a plea offer and further proceedings led to a less-favorable outcome and where the defendant demonstrates that the outcome of the plea-bargaining process would have been different had counsel rendered constitutionally effective advice. In **Frye**, the Court held that defense counsel has the duty to communicate formal prosecution offers to accept a plea on terms and conditions that may be favorable to the accused where the defendant can demonstrate a reasonable probability both that he would have accepted the plea offer had counsel provided effective assistance and that the plea would have been entered without the prosecution's canceling it or the trial court's refusing to accept it.

[2] In **Martinez**, the Supreme Court held that:

> [w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal *habeas* court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

**Martinez**, 132 S.Ct at 1321.

This timely appeal followed, in which Phillips raises the following issues, *verbatim*, for our review:

1. Did PCRA judge [commit reversible] error [by] dismissing [appellant's] PCRA petition [on] February 21, 2014 as untimely?

2. Was the [appellant] denied his constitutional right to a fair trial under the due process clause, the effective assistance of counsel clause of the 6th Amendment and the equal protection of the law clause of the Fourteenth Amendment, as a direct result of both trial and appellate counsel's ineffectiveness?

3. [Whether] the conviction and imposition of sentence upon the petitioner resulted from a violation of the constitution of the Commonwealth of Pennsylvania or laws of the United States [? And if so, whether] this violation of the petitioner's rights under the circumstances of this case so undermine the truth-determining process that no reliable adjudication of guilt or innocence could have taken place?

Brief of Appellant, at ix.

We begin by noting that:

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Weatherill*, 24 A.3d 435, 438 (Pa. Super. 2011).

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1); *see also Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa. Super. 2003). A judgment is deemed

- 3 -

final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3); *see also Commonwealth v. Pollard*, 911 A.2d 1005, 1007 (Pa. Super. 2006). Here, Phillips' judgment of sentence became final on November 4, 2002, upon the expiration of time for seeking allowance of appeal to the Pennsylvania Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). Thus, Phillips had one year from that date, or until November 4, 2003, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b). Phillips did not file the instant petition, his second, until April 30, 2012, more than nine years after his judgment of sentence became final. Accordingly, the PCRA court had no jurisdiction to entertain Phillips' petition unless he pleaded and proved one of the three statutory exceptions to the time bar. *See* 42 Pa.C.S.A. § 9545(b)(1). A petition invoking one of the exceptions must be filed within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

In his PCRA petition, Phillips attempts to circumvent the time bar by asserting the "new constitutional right" exception under subsection 9545(b)(1)(iii) of the PCRA. Phillips claims that the *Lafler* and *Frye* decisions announced new constitutional rights that the Supreme Court applied retroactively. However, this Court has concluded that neither case

created a new constitutional right. In **Commonwealth v. Feliciano**, 69 A.3d 1270 (Pa. Super. 2013), we stated the following:

> The right to effective assistance of counsel during the plea bargaining process has been recognized for decades. **Commonwealth v. Lewis**, 2013 PA Super 62, 63 A.3d 1274, 1280 (Pa. Super. 2013) (citing **Hill v. Lockhart**, [474 U.S. 52 (1985)]; **Padilla v. Kentucky**, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) ("Before deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel.")).
>
> * * *
>
> It is apparent that neither **Frye** nor **Lafler** created a new constitutional right. Instead, these decisions simply applied the Sixth Amendment right to counsel, and the **Strickland** test for demonstrating counsel's ineffectiveness, to the particular circumstances at hand[.]

**Id.** at 1277 (footnote omitted). Accordingly, Phillips' claims based upon **Frye** and **Lafler** provide no basis for circumventing the PCRA time bar.

Similarly, Phillips asserts the PCRA court possessed subject matter jurisdiction to entertain his claim because the U.S. Supreme Court's decision in **Martinez**, **supra**, created a new constitutional right, also triggering the exception to the time bar under section 9545(b)(1)(iii). However, **Martinez** also garners Phillips no relief. First, the case was decided in the context of federal *habeas corpus* jurisprudence, not Pennsylvania post-conviction jurisprudence. As such, "[w]hile **Martinez** represents a significant development in federal *habeas corpus* law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA." **Commonwealth v. Saunders**,

60 A.3d 162, 165 (Pa. Super. 2013). Moreover, the **Martinez** decision neither recognized a new constitutional right, **see Martinez**, 132 S.Ct. at 1315, 1318, nor was held to apply retroactively. As such, it does not satisfy the requirements under section 9545(b)(1)(iii) and does not provide Phillips with an exception to the PCRA time bar.

As Phillips has not established one of the exceptions to the PCRA time bar, the PCRA court properly concluded it lacked jurisdiction and dismissed his petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2014