J-S77013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEVON MANLEY | |
| Appellant | No. 3030 EDA 2013 |

Appeal from the PCRA Order October 3, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0501841-2006

BEFORE:  STABILE, JENKINS, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:          **FILED FEBRUARY 09, 2015**

Levon Manley appeals *pro se* from an order dismissing his first petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

On February 3, 2006, Appellant assaulted Taaqi Brown in the Germantown neighborhood of Philadelphia.  Appellant fired six shots at Brown with a handgun, hitting Brown five times and permanently disabling him.  PCRA Court Rule 1925(a) Opinion, 4/8/14, at 2-3.  Appellant later told a cellmate he attacked Brown in retaliation for the killing of Appellant's friend, "Spinach."  ***Id.***  At trial, Appellant claimed an alibi, which the jury rejected, convicting Appellant of attempted murder, aggravated assault, and

_____

[*] Retired Senior Judge assigned to the Superior Court.

related offenses. Appellant was later sentenced to an aggregate of 18 to 36 years in prison. This Court affirmed the judgment of sentence in a published opinion, finding Appellant's issues waived or meritless. ***Commonwealth v. Manley***, 985 A.2d 256 (Pa. Super. 2009), *appeal denied*, 996 A.2d 491 (Pa. 2010).

Appellant timely filed a PCRA petition *pro se*. The PCRA court appointed counsel, who filed a ***Turner***/***Finley***[1] no-merit letter. The PCRA court granted counsel's petition to withdraw and dismissed Appellant's petition without a hearing, after providing proper notice under Pa.R.Crim.P. 907. Appellant appealed *pro se*.

Appellant presents three issues for our review:

1. Did not the trial Court Defence [sic] Attorney and Appellate Process deny the defendant Equal Protection, Due Process, and Fundamental Fairness due to the nature of charges by ignoring, confusing, and misstating the issue of Counsel's ineffectiveness by not investigating defendant's alibi witnesses and the identification and witnesses against defendant?

2. Was not all previous lawyers in this matter ineffective for not seeking a mental evaluation of [Appellant]?

3. Was PCRA Counsel ineffective for not investigating the source and information given to him by the defendant concerning the Complainant?

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant's Brief at 3.[2]

We review a court's order denying post-conviction relief to "determine whether [its] determination . . . is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (internal quotations and citations omitted). Our scope of review is limited to the PCRA court's findings and the evidence of record viewed in the light most favorable to the prevailing party. ***Commonwealth v. Weatherill***, 24 A.3d 435, 438 (Pa. Super. 2011).

Appellant raises claims of ineffective assistance of counsel.

To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. Where the petitioner fails to meet any aspect of this test, his claim fails.

***Commonwealth v. Henkel***, 90 A.3d 16, 30 (Pa. Super. 2014) (*en banc*) (internal quotation and quotation marks omitted).

We find Appellant's first issue meritless, as PCRA counsel's ***Turner***/***Finley*** letter demonstrates. PCRA counsel interviewed trial counsel,

---

[2] Our review of Appellant's issues is frustrated by the deficiencies in his brief, which fails to conform to numerous requirements of the Rules of Appellate Procedure. Nevertheless, to the extent we can, we will review the issues raised.

who subpoenaed three alibi witnesses for trial: Ikea Scott, Rashaad McIntyre, and Issa Williams. ***Turner***/***Finley*** Letter, 7/9/13, at 8-9. Scott refused to honor the subpoena because she did not want to disclose a prior forgery conviction. ***Id.*** Trial counsel did not call McIntyre because she considered his testimony potentially damaging to the defense. ***Id.*** Williams actually testified at trial. ***See Manley***, 985 A.2d at 260. An ineffectiveness claim fails where there is a reasonable basis for counsel's actions, which applies to Scott and McIntyre. Appellant does not explain how trial counsel could be deemed ineffective regarding Williams, whose testimony the jury heard and rejected.

In his second issue, Appellant claims ineffectiveness of all prior counsel for failing to seek a mental health evaluation. Appellant did not raise this issue before the PCRA court, and a litigant cannot raise issues for the first time on appeal. Pa.R.A.P. 302(a); ***Commonwealth v. Paddy***, 15 A.3d 431, 466 n.21 (Pa. 2011) ("We cannot consider issues not raised in the PCRA court."). Therefore, we cannot review this issue.

In his final issue, Appellant raises the ineffectiveness of PCRA counsel for allegedly not properly investigating claims relating to trial counsel's ineffectiveness. Appellant also raises this issue for the first time on appeal. We cannot address this issue, as this Court recently clarified that claims "of PCRA counsel's ineffectiveness may not be raised for the first time on appeal." ***Henkel***, 90 A.3d at 20.

- 4 -

In sum, Appellant fails to raise any reversible error committed by the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2015