J-S61009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TYRONE HOLLOWAY | |
| Appellant | No. 3628 EDA 2016 |

Appeal from the PCRA Order October 31, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1131761-1991

BEFORE: LAZARUS, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:            **FILED OCTOBER 27, 2017**

Tyrone Holloway appeals from the order entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"). We affirm.

On April 28, 1992, Holloway was convicted by a jury of one count each of first-degree murder and possession of instruments of crime ("PIC") and was sentenced to life imprisonment for the murder conviction. On May 10, 1993, the trial court denied Holloway's post-sentence motions and sentenced him to a concurrent sentence of one to five years' imprisonment for PIC. Holloway filed an appeal, which was dismissed by this Court on August 17, 1994, for failure to file a brief. Pursuant to a PCRA petition, the court reinstated

_____

[*] Retired Senior Judge assigned to the Superior Court.

Holloway's direct appellate rights, and this Court affirmed his judgment of sentence on February 21, 1997. On November 7, 1997, the Supreme Court of Pennsylvania denied *allocatur*. Three PCRA petitions followed, all of which were dismissed.

Holloway filed the instant *pro se* PCRA petition, his fourth, on July 16, 2012, followed by numerous amended pleadings. The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss on August 31, 2016, to which Holloway filed a response. On October 31, 2016, the court dismissed Holloway's petition as untimely. This timely appeal follows.

We begin by noting that:

> This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

***Commonwealth v. Weatherill***, 24 A.3d 435, 438 (Pa. Super. 2011).

We must first address whether we possess jurisdiction to consider the merits of Holloway's appeal. The PCRA court dismissed Holloway's petition as untimely filed. The PCRA's time restrictions are jurisdictional in nature; thus, if a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. ***Commonwealth v. Rizvi***, 166 A.3d 344, 347 (Pa. Super. 2017).

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1); *see also Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa. Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3); *see also Commonwealth v. Pollard*, 911 A.2d 1005, 1007 (Pa. Super. 2006). Here, Holloway's judgment of sentence became final on or about February 7, 1998, ninety days after the Pennsylvania Supreme Court denied *allocatur* and the time period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. R. 13. Thus, Holloway had one year from that date, or until February 7, 1999, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b). Holloway did not file the instant petition, his fourth, until July 16, 2012, more than fourteen years after his judgment of sentence became final. Accordingly, the PCRA court had no jurisdiction to entertain Holloway's petition unless he pleaded and proved one of the three statutory exceptions to the time bar. *See* 42 Pa.C.S.A. § 9545(b)(1). A petition invoking one of the exceptions must be filed within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Holloway attempts to circumvent the time bar by asserting the "new constitutional right" exception under subsection 9545(b)(1)(iii).[1]  Specifically, Holloway asserts that he is entitled to relief under *Miller v. Alabama*, 132 S.Ct. 2455 (2012) and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).  In *Miller*, the Court declared unconstitutional those state sentencing schemes mandating a sentence of life without parole for murder as applied to defendants who were minors at the time they committed their crime.  In *Montgomery*, the Court held *Miller* to be retroactively applicable to cases on state collateral review.  Although Holloway was 27 years old and no longer a minor at the time he committed his crime, he nonetheless asserts that he is entitled to relief because equal protection requires that adults are entitled to the same protections as juveniles.  Holloway is not entitled to relief.

_____

[1] In its Rule 1925(a) opinion, the PCRA court addresses a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), allegedly made by Holloway in an amendment to his PCRA petition purportedly filed on February 27, 2015.  However, our review of the certified record reveals that it does not contain an amended petition filed on that date raising a *Brady* claim.  The record does include a letter written by Holloway to the Office of Judicial Records requesting activity sheets detailing investigations by the Philadelphia Police.  However, the letter does not invoke the "newly discovered fact" exception to the time bar under section 9545(b)(1)(ii), or make any attempt to argue its application.  It is the obligation of an appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal.  *Commonwealth v. Manley*, 985 A.2d 256, 263 (Pa. Super. 2009).  A failure by an appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined.  *Id.*  Because the record does not contain the amended petition in which Holloway purportedly raised his newly-discovered evidence claim, it is waived for purposes of appellate review.

The Supreme Court's ruling in **Miller** applies solely to defendants who had not reached the age of majority, or eighteen years of age, at the time they committed their crime. Accordingly, on its face, **Miller** is inapplicable to Holloway's case, as he was 27 when he committed his crime. Moreover, Holloway's contention that a newly-recognized constitutional right should be extended to adults does not render his petition timely pursuant to section 9545(b)(1)(iii). **See Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa. Super. 2013) (rejecting argument that equal protection requires **Miller** holding be applied to adult defendants).

As Holloway has failed to set forth a viable exception to the timeliness requirements of the PCRA, the PCRA court lacked jurisdiction to address the merits of his petition and, accordingly, properly dismissed it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2017