J-S72038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| BRANDON DESHIELDS | : : | |
| Appellant | : | No. 2119 EDA 2017 |

Appeal from the PCRA Order June 1, 2017
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002186-2012,
CP-15-CR-0003509-2012, CP-15-CR-0004076-2012

BEFORE: BENDER, P.J.E., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED DECEMBER 27, 2017**

Appellant, Brandon Deshields, appeals *pro se* from the order entered in the Court of Common Pleas of Chester County dismissing his third petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 as untimely. We affirm.

On July 17, 2013, Appellant entered into a counseled plea agreement on three criminal information numbers. On Information numbers 2186, 3509, and 4076 of 2012, Appellant pled guilty to six counts of Possession With Intent to Deliver a Controlled Substance ("PWID") in violation of 35 P.S. § 780-113(a)(30). N.T. 7/7/13 at 1-3, 9. That same day, Appellant was sentenced to an aggregate term of incarceration of not less than seven years nor more than nine years, comprising a five-year mandatory minimum for PWID committed with a firearm run consecutively to a mandatory minimum two to

_____
* Former Justice specially assigned to the Superior Court.

four year sentence for PWID, which in turn was run consecutively to the remaining four mandatory minimums for PWID. Appellant filed a counseled post-sentence motion to withdraw his sentence, but he withdrew the motion after a hearing on the matter. On December 24, 2013, Appellant filed a *pro se* appeal to the Superior Court, but he withdrew his direct appeal on March 24, 2014.

On April 14, 2014, Appellant filed his first PCRA petition. Appointed counsel eventually filed a No Merit Letter and a Petition to Withdraw as Counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988). On June 5, 2014, the PCRA court issued Pa.R.Crim.P. 907 Notice of Intent to Dismiss the PCRA petition. Appellant filed a *pro se* response, but the court granted counsel's motion to withdraw and dismissed the petition. Appellant appealed to this Court, but subsequently filed an Application for Discontinuance of Appeal, which this Court granted.

On March 10, 2016, Appellant filed a second PCRA petition, *pro se*. The Commonwealth filed a court-ordered Answer to the petition, after which the court gave Rule 907 Notice of Intent to Dismiss. Receiving no response from Appellant, the PCRA court dismissed Appellant's second PCRA petition as untimely. Appellant appealed to this Court, but, on November 3, 2016, we dismissed the appeal for Appellant's failure to file a brief.

Appellant filed this, his third PCRA petition, on April 24, 2017. As with the second, the Commonwealth filed a court-ordered Answer, the court issued

Rule 907 Notice, and the Appellant did not respond. On June 1, 2017, the PCRA court dismissed Appellant's third petition. This timely appeal followed.

Appellant presents one question for our review:

[WERE] TRIAL COUNSEL AND POST CONVICTION COUNSEL [] INEFFECTIVE AND WAS [APPELLANT] SENTENCED TO AND [SIC] ILLEGAL SENTENCE[?]

Appellant's brief, at iii.

We begin by noting that:

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Weatherill*, 24 A.3d 435, 438 (Pa. Super. 2011).

In his brief, Appellant argues that his aggregate sentence was illegal under the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151, 2163 (2013), which held that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt. As noted, Appellant received a five-year mandatory minimum sentence under 9712.1(a) (certain drug offenses committed with firearms)[1] run consecutively to a two-year mandatory

_____

[1] During the execution of a search warrant on Appellant's residence, police recovered eight bags of marijuana weighing 169 grams, a digital scale, empty plastic baggies, along with a shotgun and a digital scale in the master bedroom.

minimum sentence under 18 Pa.C.S.A. § 7508(a)(1)(i) (trafficking in marijuana), which was run concurrently to the remaining four two-year mandatory minimum sentences for PWID. Both of these sentencing statutes have, indeed, been declared unconstitutional under **Alleyne**. **See Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) (holding that 42 Pa.C.S. § 9712.1 is unconstitutional under **Alleyne**); **Commonwealth v. Fennell**, 105 A.3d 13 (Pa.Super. 2014) (applying **Newman** to Section 7508).

The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542 (emphasis added). A sentence imposed in violation of **Alleyne** is illegal and the issue cannot be waived, so long as the reviewing court has jurisdiction. **Commonwealth v. Wolfe**, 106 A.3d 800, 801 (Pa.Super. 2014).

The PCRA court has jurisdiction to hear PCRA petitions filed within one year of the date the judgment becomes final. 42 Pa.C.S.A. § 9545. Hence, a petition filed more than one year after judgment of sentence becomes final is patently untimely, and unreviewable. However, an untimely petition may be considered when the petition alleges, and the petitioner proves, that one of

the three limited exceptions to the time for filing the petition set forth at 42 Pa.C.S. § 9545(b)(1) is met.[2]

We must first address, therefore, whether we possess jurisdiction to consider the merits of Appellant's appeal. Here, Appellant's judgment of sentence became final on or about March 24, 2014, when he discontinued his direct appeal. *See* 42 Pa.C.S. § 9545(b)(3). *See also Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008) (judgment of sentence final for PCRA purposes when appellant discontinues direct appeal).

Thus, Appellant had one year from that date, or until March 24, 2015, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b). Appellant did not file the instant petition, his third, until April 24, 2017, more than three years after his judgment of sentence became final. Accordingly, the PCRA court had no jurisdiction to entertain Appellant's patently untimely petition unless he pleaded and proved one of the three statutory exceptions to the time bar. *See* 42 Pa.C.S.A. § 9545(b)(1).

Even if we were to construe Appellant's *Alleyne*-based challenge to the legality of his sentence as also raising the argument that *Alleyne* qualifies

---

[2] Section 9545 provides the following three exceptions that allow for review of an untimely PCRA petition: (1) petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts that could not have been ascertained by the exercise of due diligence; and (3) a newly-recognized constitutional right that has been held to apply retroactively. 42 Pa.C.S. § 9545 (b)(1)(i)-(iii).

him for a "new constitutional right" exception under subsection 9545(b)(1)(iii) for purposes of his case, we would find this argument unpersuasive.

*Alleyne* became law on June 27, 2013, nearly one month *before* Appellant pled guilty and received his sentence on July 17, 2013. Appellant, therefore, was on notice that *Alleyne* was controlling law on the day of his sentence and was also available to support a legality of sentence challenge in post-sentence motions, direct appeal, or a timely-filed first PCRA petition. Thus, it cannot reasonably be said that, under the timeline of this case, *Alleyne* represents a newly announced constitutional right to be retroactively applied as an exception to the PCRA time-bar.

Our review of the record, therefore, confirms that Appellant filed the present PCRA petition beyond the one-year PCRA deadline and failed to plead and prove that any exception applies to his case. Accordingly, the PCRA court had no jurisdiction to address Appellant's petition on the merits.

Order is AFFIRMED.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 12/27/2017*