J-S78011-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JOSEPH MASON | : | |
| Appellant | : | No. 475 WDA 2017 |

Appeal from the PCRA Order March 15, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009052-2013

BEFORE: OLSON, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.: FILED FEBRUARY 14, 2018

Appellant, Joseph Mason, appeals pro se from an order entered on March 15, 2017 that dismissed his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We vacate and remand this matter with instructions.

The PCRA court summarized the historical and procedural facts in this case as follows.

> [T]he evidence presented at trial established that in the evening hours of May 26, 2013, Pittsburgh Police Officer Brendan Flicker[,] and his partner Officer Opsenica, were on a routine foot patrol near the intersection of Frankstown Avenue and Putnam Street in the Larimer section of the City of Pittsburgh, an area known for open-air drug sales. The two officers passed a red Chrysler with an Ohio license plate and observed the butt of a black and silver semi-automatic firearm through the car window. The officers returned to their vehicle and waited for the car to leave. Shortly thereafter, Officer Dustin Rummel radioed that he was traveling behind the vehicle, which had left its parking space without being seen by Officers Flicker and

_____

* Retired Senior Judge assigned to the Superior Court.

Opsenica. Officer Rummel followed the red Chrysler for a time, then the pursuit was assumed by Officer Gregory Livesey, who observed the vehicle attempt to park against the flow traffic without a turn signal[. Officer Livesey] initiated a traffic stop. When Officer Livesey activated his patrol vehicle lights, [Appellant] jumped out of the vehicle and ran. It was noted that [Appellant's] hands were by the center of his waistband while he was running. Officer Livesey and other officers followed, and [Appellant] ducked between two houses. Immediately a shot was heard and [Appellant] emerged saying "You shot me[."] Shortly thereafter, a thermal imaging camera was used to locate the weapon, which was still hot from having been recently fired. A gunshot residue test performed on [Appellant's] clothing revealed particles characteristic of gunshot residue on his left cuff.

[Appellant] was charged with [persons not to possess firearms,[1] carrying a firearm without a license,[2] recklessly endangering another person,[3] escape,[4] and possession or distribution of marijuana or hashish.[5] Appellant's] pre-trial [m]otion to [s]uppress was denied and [he] proceeded to a non-jury trial. At the conclusion of the trial, [Appellant] was [found] guilty of both [firearms] offenses and the possession charge, [but acquitted of r]ecklessly [e]ndangering [a]nother [p]erson and [e]scape. On April 7, 2014, [Appellant] appeared before [the trial c]ourt and was sentenced to a term of imprisonment of two (2) to 10 years. Timely [p]ost-[s]entence [m]otions were filed and were denied on August 20, 2014. The judgment of sentence was affirmed by the Superior Court on December 22, 2015 and [Appellant's] subsequent [p]etition for [a]llowance of [a]ppeal was denied on April 20, 2016.

_____

[1] 18 Pa.C.S.A. §6105(a)(1)

[2] 18 Pa.C.S.A. §6106(a)(1)

[3] 18 Pa.C.S.A. §2705

[4] 18 Pa.C.S.A. §5121(a)

[5] 35 P.S. §780-1139(a)(31)

On June 4, 2016, [Appellant] filed a pro se [PCRA p]etition. [Counsel] was appointed[, but later obtained permission to withdraw after filing a no-merit letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. super. 1988).] After giving [Appellant 30 days in which to respond to the PCRA court's notice of intent to dismiss, the court] dismissed [Appellant's] pro se [p]etition without a hearing on March 15, 2017. This appeal followed.

PCRA Court Opinion, 6/20/17, at 1-3.

Appellant raises the following questions for our review:

Did the PCRA [c]ourt err in denying Appellant's [m]otion for [e]xtension of [t]ime to [r]espond to the PCRA Court's [Pa.R.Crim.P.] 907 [notice of intent] to [d]ismiss the PCRA [p]etition?

Did the PCRA [c]ourt err in [rejecting Appellant's claims that trial and appellate counsel were ineffective]?

Appellant's Brief at 4 (block capitalization omitted).

Appellant challenges an order dismissing his petition for collateral relief. "This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." Commonwealth v. Weatherill, 24 A.3d 435, 438 (Pa. Super. 2011), appeal denied, 63 A.3d 777 (Pa. 2013).

Appellant claims in his first issue that the PCRA court abused its discretion in refusing to extend the 30-day deadline in which to respond to the court's dismissal notice. Our review of the certified record relevant to

this claim reveals substantial confusion on the part of the PCRA court and Appellant. We detail the substance of that confusion below.

On February 2, 2017, the PCRA court granted counsel's motion to withdraw pursuant to Turner/Finley. In that same order, the court gave Appellant 30 days in which to state how he wished to proceed.[6] Thus, pursuant to the court's February 2nd order, Appellant had until March 6, 2017 to file a response.[7] Within that time-period, Appellant, acting pro se,

_____

[6] The PCRA court's February 2, 2017 order provides, in relevant part, as follows:

> 2.   [Appellant] is advised that he is no longer entitled to appointed counsel.
>
> 3.   [Appellant] must elect to proceed in one of the following ways: 1) [Appellant] can obtain privately-retained counsel, 2) [Appellant] can proceed without counsel, or 3) [Appellant] can withdraw the PCRA petition with prejudice.
>
> 4.   [Appellant] must advise this [c]ourt on how he/she wishes to proceed by filing a pleading with the Clerk of Courts within thirty (30) days of the date of this Order. The failure to comply with the time limitations will result in the dismissal of the petition with prejudice as the [c]ourt will assume [Appellant] wishes to withdraw the petition.

PCRA Court Order, 2/2/17, at 1.

Although the PCRA court's February 2, 2017 notice gave Appellant 30 days in which to respond, the order did not explain the court's reasons for dismissal.

[7] March 4, 2017, the 30th day, was a Saturday so Appellant had until Monday, March 6, 2017, to respond.

forwarded a "motion for extension" to the PCRA court. This submission was not filed with the Department of Court Records and does not appear in the certified record. In his motion, Appellant requested a 60-day extension to file a responsive pleading, arguing that he had limited access to the prison library, that frequent prison lock downs prevented library access, and that he was uneducated in the law. Appellant's motion did not raise a substantive challenge and Appellant did not identify any additional legal research or supporting investigation that was required in order to prepare a response.

On February 14, 2017, the PCRA court entered the following order:

Petitioner having filed a Motion for Extension, it is hereby ordered, adjudged and decreed that either an amended PCRA petition of [sic] a "no-merit" letter shall be filed on or before April 14, 2017.

PCRA Court Order, 2/14/17. With the entry of this order, the PCRA court appeared to grant Appellant's requested extension. Nevertheless, the PCRA court issued an order on March 15, 2017 that dismissed Appellant's PCRA petition.

We shall treat the PCRA court's February 14, 2017 order as a notice of intent to dismiss under Pa.R.Crim.P. 907 since it preceded the summary dismissal of Appellant's petition. In relevant part, Rule 907 provides:

If the judge is satisfied from its review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice

- 5 -

to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.

Pa.R.Crim.P. 907(1) (emphasis added).

> The purpose behind a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The response is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to discern the potential for amendment.

Commonwealth v. Rykard, 55 A.3d 1177, 1189 (Pa. Super. 2012) (internal citations and quotation marks omitted).

Moreover, where counsel has filed a Turner/Finley no-merit letter, "a petitioner can preserve [an] issue [concerning PCRA counsel's representation] by including that claim in his Rule 907 [response]." Commonwealth v. Rigg, 84 A.3d 1080, 1085 (Pa. Super. 2014). However, a petitioner may not raise a new claim. See id. ("Where the petitioner does not seek leave to amend his petition after counsel has filed a Turner/Finley no-merit letter, the PCRA court is under no obligation to address new issues.").

In this case, the PCRA court's Rule 907 notice failed to provide Appellant notice and an opportunity to understand why the court intended to dismiss his petition. On remand, the PCRA court shall file a proper Rule 907 notice and Appellant shall have the opportunity to do one or more of the following: 1) set forth any additional arguments with respect to claims raised

in the petition; 2) seek leave to amend his PCRA petition; and/or, 3) assert PCRA counsel's ineffectiveness. Accordingly, we vacate the dismissal order of the PCRA court and direct the court to file a proper Rule 907 notice. Appellant shall have 20 days in which to respond to the Rule 907 notice.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/14/2018