COMMONWEALTH of Pennsylvania, Appellee

v.

Christopher WEATHERILL, Appellant.

Superior Court of Pennsylvania.

Submitted May 23, 2011.

Filed July 8, 2011.

Reargument Denied Sept. 16, 2011.

Sarah R. Polakoff and Burton A. Rose, Philadelphia, for appellant.

Trudy G. Lumadue, Assistant District Attorney, and William A. Shaw, Jr., Assistant District Attorney, Clearfield, for Commonwealth, appellee.

BEFORE: BOWES, ALLEN, and MUNDY, JJ.

OPINION BY BOWES, J.:

Christopher Weatherill appeals from the July 12, 2010 order dismissing his first petition for PCRA relief. We affirm.

On August 17, 1990, a jury convicted Appellant of second degree murder, third degree murder, kidnapping, robbery, theft, receiving stolen property, and conspiracy to commit theft and receiving stolen property. On October 26, 1989, then-seventeen-year-old Appellant and Dan Crispell abducted Ella B. from a parking lot of a mall located in Clearfield County. They drove her car to a wooded area where the victim was robbed and stabbed to death. Crispell and Appellant stole the victim's car and fled. Crispell and Appellant traveled to Arizona, where Appellant was arrested after he was found sleeping in Ella B.'s car on the side of a road.

After being administered his constitutional warnings, Appellant admitted to Arizona police that he was at the scene of the murder but contended that Crispell stabbed the victim. Appellant was extradited to Pennsylvania, where he was charged in connection with the criminal episode. His counsel discovered that Crispell was planning to testify at Appellant's trial that Appellant stabbed the victim. In order to avoid the death penalty, which at that time could be imposed upon a juvenile, Appellant voluntarily approached police and gave them a detailed statement admitting his involvement in the crime but firmly maintaining that Crispell killed Ella B. At the ensuing jury trial, both the Arizona and Pennsylvania statements were admitted against Appellant.

Following his jury convictions, Appellant was sentenced to life imprisonment for second degree murder with a consecutive sentence of incarceration of ten to twenty years for kidnapping. We affirmed on November 10, 1992, and our Supreme Court denied review on November 3, 1993. *Commonwealth v. Weatherill*, 426 Pa.Super. 643, 620 A.2d 1238 (1992) (unpublished memorandum), *appeal denied*, 535 Pa. 668, 634 A.2d 1115 (1993).

Appellant filed his first PCRA petition *pro se* on January 14, 1997. Under the 1995 amendment to the PCRA, 42 Pa.C.S. § 9545 was added and imposes a one-year time restriction within which a defendant must file a PCRA petition. However, there is an exception to § 9545 for a first PCRA petition filed by a defendant whose judgment of sentence became final prior to the 1995 amendments as long as the first PCRA petition is filed by January 16, 1997. *Commonwealth v. Fenati*, 561 Pa. 106, 748 A.2d 205 (2000); *see also Commonwealth v. Daniels*, 600 Pa. 1, 963 A.2d 409, 415 (2009). Appellant's petition was his first and his judgment of sentence became final prior to the enactment of § 9545; thus, his January 14, 1997 petition is timely filed.

In his *pro se* petition, Appellant alleged that the jury verdict was inconsistent because he was convicted of both second and third degree murder, that the trial court improperly failed to merge the sentences imposed on second degree murder and kidnapping, which he contended was the felony underlying the second degree murder conviction,[1] and that prior counsel were ineffective for failing to litigate those claims.

C.D. Schenkemeyer, Jr., Esquire, was appointed as counsel on February 17, 1997. On June 17, 1998, Mr. Schenkemeyer petitioned to withdraw averring that Appellant hired private counsel, Stanford Shmukler, Esquire, and that Mr. Schenkemeyer had been instructed to cease representation. Attached to Mr. Schenkemeyer's petition was a letter directed to Appellant from Mr. Shmukler indicating that Mr. Shmukler had prepared an amended PCRA petition and brief that he planned to file imminently. Mr. Shmukler sent a copy of this letter to Appellant's parents as well as Mr. Schenkemeyer, who was permitted to withdraw. Mr. Shmukler did not file the amended petition.

On October 3, 2007, over ten years after the filing of the PCRA petition and seventeen years after trial, Stacy Parks Miller, Esquire, filed an application for leave to amend the original PCRA petition to add an allegation that the trial court erred in its instructions to the jury. The Commonwealth filed a petition to dismiss the PCRA petition and invoked 42 Pa.C.S. § 9543(b), which provides, in pertinent part, that even if a PCRA petitioner files a timely petition, the petition "shall be dismissed if it appears at any time that, because of delay in filing the petition, the Commonwealth has been prejudiced either in its ability to respond to the petition or in its ability to re-try the petitioner." Appellant countered that the provision applies only to a delay in filing an original PCRA petition rather than an amended PCRA petition.

A hearing on the request to amend was held on April 1, 2008. The Commonwealth asserted that it would be hampered in its ability to re-try Appellant since the case file was missing, one of the first responders to the crime scene was deceased, and Corporal J.J. Ward, the officer who arrested Appellant and took Appellant's Pennsylvania confession, was terminally ill. Appellant countered that the testimony of the unavailable witnesses could be introduced by reading the trial transcript to any new jury.

Appellant also maintained that he had been duly diligent in prosecuting his PCRA petition because Mr. Shmukler had abandoned his representation while continually assuring Appellant that he was litigating the PCRA matter. Appellant ad-

---

1. A merger question implicates double jeopardy and relates to the legality of a sentence. *Commonwealth v. Baldwin*, 604 Pa. 34, 985 A.2d 830 (2009); *Commonwealth v. Robinson*, 931 A.2d 15 (Pa.Super.2007). There currently is a split in authority as to whether a legality-of-sentence issue is a non-waivable claim that this Court can raise *sua sponte*. *Compare Commonwealth v. Ousley*, 2011 PA Super 103, 21 A.3d 1238 (legality of sentence issue was waived) *with, e.g., Commonwealth v. Springer*, 961 A.2d 1262, 1264 n. 3 (Pa.Super.2008) (legality of sentence is a non-waivable question that this Court must consider *sua*

*sponte).* However, in the present case, the crimes of second degree murder and kidnapping do not merge since there are separate acts underlying each crime. 42 Pa.C.S. § 9765 ("No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense."); *see also Commonwealth v. Dixon*, 997 A.2d 368 (Pa.Super.2010). Specifically, the victim was kidnapped and taken to a remote location. Additionally, she was robbed and murdered.

mitted at the April 1, 2008 hearing that in 2001, six years prior to filing his request to amend, he fired Mr. Shmukler. Exhibits that Appellant introduced at the hearing demonstrate that after he was fired, Mr. Shmukler asked Appellant what to do with the file. Appellant did not respond to that inquiry.

While the PCRA court initially denied the Commonwealth's request to dismiss, the Commonwealth asked it to reconsider that decision in light of the promulgation of *Commonwealth v. Renchenski*, 988 A.2d 699 (Pa.Super.2010),[2] which holds that § 9543(b) also applies to a delay between the filing of an original PCRA petition and an amended one. Oral argument as to the impact of *Renchenski* was held on April 21, 2010. At that time, the Commonwealth established that Corporal Ward had died and that Arizona no longer had any record of Appellant's case. Additionally, the Commonwealth pointed out that even though it had the existing trial transcript, it would be unable to respond to any new defense theories presented at another trial. Appellant refused to agree not to present a novel defense if he were granted a new trial. N.T. Hearing, 4/21/10, at 18.

The PCRA court thereafter dismissed the PCRA petition. It concluded that Corporal Ward was a key Commonwealth witness and that his death severely prejudiced the Commonwealth's ability to prove its case. The court also observed that one of the first responders was deceased, the Arizona record was unavailable, and that the passage of twenty years would necessarily affect the memories of all remaining witnesses as to the pertinent events. It further noted that if granted a new trial, Appellant would be free to offer a new defense theory and that the Commonwealth would not be able to respond to that defense without Corporal Ward. Finally, the PCRA court observed that Appellant had done nothing to advance the PCRA proceedings for six years after firing Mr. Shmukler. The court found that he had abandoned his right to seek PCRA relief. Concluding that *Renchenski* applied, the PCRA court dismissed the January 14, 1997 PCRA petition.

This appeal followed. Appellant claims that the PCRA court erred in dismissing his petition because he did not abandon his PCRA claims and the Commonwealth would not be prejudiced in its ability to re-try him. Appellant's brief at 10. "This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa.Super.2010) (citations omitted).

Initially, we analyze our decision in *Renchenski*. Therein, the defendant was convicted in 1984 for a 1982 murder. His direct appeal was litigated in 1986. The defendant then filed a *pro se* post-conviction petition in 1988, which was denied without the appointment of counsel. We

---

**2.** On October 25, 2010, our Supreme Court granted allowance of appeal as to the following issues:

 1. Whether the Superior Court erred in concluding that 42 Pa.C.S. § 9543(b) of the Post Conviction Relief Act (PCRA) applies to delay in litigating a pending PCRA petition?

 2. What obligation, if any, does a petitioner have to seek expeditious litigation of his PCRA petition?

*Commonwealth v. Renchenski*, 607 Pa. 371, 6 A.3d 1287 (2010).

reversed that decision and remanded for such appointment, which occurred in 1992. However, in 1993, appointed counsel petitioned to withdraw with the defendant's consent, and no new attorney was appointed. The pending petition was not resolved. Ten years later, in 2003, the defendant filed a petition seeking to amend the pending post-conviction petition. That petition was denied as an untimely second PCRA petition. On appeal, we reversed, observing that the 1988 petition had never actually been resolved.

The defendant hired private counsel who filed an amended petition, which the Commonwealth moved to dismiss pursuant to § 9543(b). The Commonwealth established at a hearing that nearly all of its original witnesses were unavailable. The PCRA court concluded that the Commonwealth would be severely prejudiced if it were required to re-try the defendant, and that court dismissed the petition. On appeal, the defendant claimed that he had no duty to advance the PCRA proceedings and that he raised meritorious issues that he was prevented from presenting due to delay caused by the Commonwealth's failure to perform its obligation to move criminal matters forward. We rejected the defendant's arguments and affirmed.

We refused to find that the Commonwealth had a responsibility to ensure that a defendant's PCRA petition was litigated. We also disagreed with the defendant's position that § 9543(b) did not apply to a delay between the filing of a timely PCRA petition and a request to amend that petition. We concluded that when there is an inordinate delay between the filing of a timely PCRA petition and a request to amend, § 9543(b) governs because its purpose is to ensure that the Commonwealth is not prejudiced by a defendant's delay in pursuing his rights under the PCRA. We construed the defendant's actions therein as an abandonment of his timely filed petition and upheld the PCRA court's determination that prejudice was present.

In this case, we conclude that *Renchenski* controls. We first reject Appellant's contention that the record fails to substantiate that he abandoned his request for PCRA relief. By 2001, Appellant had actual knowledge that privately-retained counsel performed no action for four years to advance his PCRA petition. He sat idle for another six years. While the defendant in *Renchenski* did allow his petition to languish for a longer period, we conclude that the record supports the PCRA court's finding of abandonment based on the following facts. Appellant waited four years after his judgment of sentence was affirmed to file a PCRA petition in the first instance. Then, Appellant did nothing to advance this matter for six years after he discovered that his privately-retained counsel abandoned him. That six-year lapse occurred after Appellant was aware that there already had been a four-year lack of activity in the PCRA matter. Appellant either evidenced a settled indifference toward seeking PCRA relief or is guilty of gamesmanship by waiting to seek such relief until the Commonwealth could not re-try him due to the time lapse between the original crime and a second trial.

■ We find misguided Appellant's reliance upon cases involving a defendant's right to seek federal *habeas corpus* relief. States are under no constitutional obligation to provide a defendant with an avenue for collaterally attacking his conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Our resolution of Appellant's right to seek collateral relief involves the PCRA, a Pennsylvania statute that is not constitutionally mandated, and Pennsylvania case law interpreting its terms.

The record also fully supports the PCRA court's finding of substantial prejudice. The Commonwealth lost two files and a key witness. Over twenty years have lapsed since Appellant committed this crime, and we concur with the trial court's observation that this lengthy period will necessarily have affected the memories of any remaining Commonwealth witnesses. The prosecution should not be required to present its evidence through reading a cold trial transcript when Appellant would have the ability to present live witnesses. Furthermore, Appellant refused to relinquish the right to present new defense theories and witnesses, and the Commonwealth would not be able to respond to such a defense.

*Commonwealth v. Bell,* 706 A.2d 855 (Pa.Super.1998), which was relied upon by the PCRA court, is instructive. Therein, the defendant and his cohort were convicted of second degree murder and related offenses. At issue was whether post-conviction relief was properly denied to the defendant, who had presented a meritorious claim, based upon § 9543(b). The Commonwealth established the unavailability of a number of witnesses, including an eyewitness.

The defendant, as Appellant herein, claimed that the Commonwealth would not be prejudiced in re-trying him because it could use the prior testimony from the original trial of any unavailable witness. We upheld the finding of prejudice in that the defendant was to present a new defense at the second trial that was not explored at the first one. We stated:

> The Commonwealth, without the only eyewitness to the events leading up to and including [the] murder, would be hampered in its ability to rebut a theory untested at the original trial. [The defendant's] suggestion that the Commonwealth admit prior recorded testimony neither addresses nor refutes the PCRA's finding of prejudice. As the Commonwealth aptly notes, the PCRA was not designed to afford a defendant an opportunity to present a new defense unanswerable due to the passage of time.

*Id.* at 860. The PCRA court's finding of prejudice is supported by the record and does not constitute an abuse of discretion.

Since Appellant failed to materially advance his right to PCRA relief for fourteen years and the Commonwealth's ability to re-try Appellant has been severely hindered by his inaction, we affirm the PCRA court's dismissal of the PCRA petition under § 9543(b).

Order affirmed.