J-S67024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY DONALD PETERSON | |
| Appellant | No. 538 WDA 2014 |

Appeal from the PCRA Order March 4, 2014
In the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-MD-0000925-1992

BEFORE:  DONOHUE, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                **FILED JANUARY 30, 2015**

Appellant, Jeffrey Donald Peterson, appeals from the March 4, 2014 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we determine Appellant's PCRA petition is untimely and affirm.

We summarize the pertinent procedural history of this case as follows. Appellant was charged on October 16, 1992, with two counts of criminal homicide-first-degree murder and one count of burglary in connection with the September 28, 1992 shooting of two victims.[1]  Appellant was found at the scene with a self-inflicted gunshot wound to the head.  The

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2501 and 3502(a), respectively.

Commonwealth subsequently provided notice it would seek the death penalty. On September 16, 1993, Appellant entered a plea of guilty to two counts of first-degree murder in exchange for the Commonwealth entering a *nolle prosse* on the burglary charge and withdrawing its intention to seek the death penalty. *See* N.T., 9/16/93, at 2. On November 3, 1993, the trial court sentenced Appellant to two consecutive terms of life imprisonment. Appellant did not file any post-sentence motion or a direct appeal.

On January 17, 1997, Appellant filed a counseled PCRA petition. The trial court described what then ensued.

> On July 16, 1997 [the PCRA court] entered a Memorandum and Order which was docketed of record on July 17, 1997.
>
> The Order stated that the Court Administrator was directed to schedule an evidentiary hearing and the record indicates that a copy was provided to the Court Administrator. For some unknown reason that evidentiary hearing was never scheduled and that failure was not brought to the attention of the [PCRA court] by [Appellant's] counsel or anyone else until [Appellant] sent a letter to the Clerk of Courts dated September 24, 2012 and docketed on October 2, 2012.
>
> A copy of that letter was provided to the [PCRA judge] and upon reviewing it, the [PCRA court] noted that there was reference to a pending PCRA before the [PCRA court].
>
> That caused the [PCRA judge] to review this matter and a determination was made that the evidentiary hearing had never been set. Therefore [the PCRA court] entered an Order on October 11, 2012 with an attached Memorandum directing that the evidentiary hearing be scheduled.

The Court Administrator did so on October 16, 2012 and after various requests for continuances, the hearing was conducted over a two day period, finishing on August 28, 2013.

PCRA Court Opinion, 3/4/14, at 2.

In his PCRA petition and at the PCRA hearing, Appellant, citing his head injury, challenged his competency in 1993 to enter a voluntary, intelligent, and knowing guilty plea and challenged the effectiveness of his plea counsel for permitting the plea to be entered when he was incompetent. *Id.* at 2. On March 4, 2014, the PCRA court issued a memorandum and order denying relief on Appellant's PCRA petition, based on its merits. On April 2, 2014, Appellant filed a timely notice of appeal.[2]

On appeal, Appellant raises the following issue for our review.

May a trial court rely on anecdotal lay testimony to find that [Appellant] who entered a guilty plea with an unhealed anatomical injury to his brain was nevertheless competent to enter such plea when uncontested medical evidence from a clinical and forensic neuropsychiatrist established that the destruction of large portions of the frontal lobes of [Appellant's] brain critical to his ability to reason and to make decisions rendered him incompetent at the time he entered his plea?

Appellant's Brief at 3.

_____

[2] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925. The PCRA court references its March 4, 2014 memorandum as containing the reasons for its disposition.

When asked to review a challenge to a PCRA court's denial of relief on a PCRA petition, we are mindful of the following. "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, *Edmiston v. Pennsylvania*, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (citation omitted). "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." *Id.*

In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

Instantly, our review of the certified record reveals an issue of the timeliness of Appellant's PCRA petition. "Even where neither party nor the PCRA court have addressed the matter, it is well-settled that we may raise it

*sua sponte* since a question of timeliness implicates the jurisdiction of our Court." *Commonwealth v. Gandy*, 38 A.3d 899, 902 (Pa. Super. 2012) (internal quotation marks and citation omitted), *appeal denied*, 49 A.3d 442 (Pa. 2012). "Because these timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Commonwealth v. Lopez*, 51 A.3d 195, 196 (Pa. 2012) (internal quotation marks and citation omitted). The PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar[.]" *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). This is to "accord finality to the collateral review process." *Id.*

> Under the 1995 amendment to the PCRA, 42 Pa.C.S. § 9545 was added and imposes a one-year time restriction within which a defendant must file a PCRA petition. However, there is an exception to § 9545 for a first PCRA petition filed by a defendant whose judgment of sentence became final prior to the 1995 amendments as long as the first PCRA petition **is filed by January 16, 1997**. *Commonwealth v. Fenati*, 561 Pa. 106, 748 A.2d 205 (2000); *see also Commonwealth v. Daniels*, 600 Pa. 1, 963 A.2d 409, 415 (2009).

*Commmonwealth v. Weatherill*, 24 A.3d 435, 436 (Pa. Super. 2011) (emphasis added), *appeal denied*, 63 A.3d 777 (Pa. 2013). "It is well settled that [a]ny and all PCRA petitions must be filed [in a timely manner] unless one of three statutory exceptions applies." *Commonwealth v. Garcia*, 23

A.3d 1059, 1061-1062 (Pa. Super 2011) (internal quotation marks, citation, *appeal denied*, 38 A.3d 823 (Pa. 2012). "We have repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies. Whether Appellant has carried his burden is a threshold inquiry prior to considering the merits of any claim." ***Edmiston***, ***supra*** at 346 (citation omitted).

The Act provides for the following possible exceptions to the timeliness requirement.

**§ 9545. Jurisdiction and proceedings**

…

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be [timely] filed … unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

> provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> …

42 Pa.C.S.A. § 9545(b).

In the instant case, Appellant's judgment of sentence became final on December 3, 1993, 30 days from the date of imposition of sentence, and in the absence of further appeal to our Supreme Court. **See** Pa.R.A.P. 901. Because that date preceded the effective date of the amendments to Section 9545 of the PCRA, imposing a one-year filing time limit, Appellant's PCRA petition was due on or before January 16, 1997. **See Weatherill**, **supra**. Appellant's petition was filed one day late on January 17, 1997. Notwithstanding the short delay in filing, we are without authority to countenance an exception to the clear time limitations, outside the act itself. **See Watts**, **supra**. It was therefore necessary for Appellant to plead and prove facts that demonstrate his claim falls within one of the statutory exceptions to the time bar. This, Appellant has failed to do. Accordingly, we are constrained to conclude that Appellant's PCRA petition is untimely and that the PCRA court and this Court lack jurisdiction to address its merits. **See Lopez**, **supra**. We therefore, affirm the PCRA court's March 4, 2014

order denying relief on Appellant's PCRA petition, albeit on alternative grounds.[3]

Order affirmed.

Judge Donohue joins the memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/30/2015

---

[3] ***See Commonwealth v. McKeever***, 947 A.2d 782, 786 n.4 (Pa. Super. 2008) (noting appellate courts are "empowered to affirm [the PCRA court's] decision on any ground without regard to the ground relied upon by [the PCRA court] itself") (internal quotation marks and citation omitted).