J-S88014-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LAMARR WANAMAKER, | |
| Appellant | No. 819 EDA 2016 |

Appeal from the Judgment of Sentence January 25, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010007-2011

BEFORE:    OLSON, RANSOM, and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

**FILED FEBRUARY 07, 2017**

I agree with the result reached by the Majority, and join all portions of the Majority Memorandum except the discussion of ***Commonwealth v. Weatherill***, 24 A.3d 435 (Pa. Super. 2011).   Majority Memorandum at 5-6.

First, the portion of ***Weatherill*** relied upon by the Commonwealth to support its position in the instant case is *dictum*.   In ***Weatherill***, this Court affirmed the dismissal of Weatherill's Post-Conviction Relief Act (PCRA) petition because his delay in pursing PCRA relief prejudiced the Commonwealth.   ***Weatherill***, 24 A.3d at 440.   The question of whether his kidnapping and second-degree murder questions should have merged was not presented to this Court on appeal.

*Retired Senior Judge assigned to the Superior Court.

Second, the fact relevant to distinguishing **Weatherill** from this instant case is not the difference in predicate felony (kidnapping versus robbery). The nature of the predicate offense does not matter in applying merger doctrine in these circumstances; rather, for any predicate offense the law is the same: "for double jeopardy purposes, the underlying felony in a felony-murder prosecution is the 'same offense' as the murder; therefore, sentences for both the murder and the underlying felony are prohibited." **Commonwealth v. Adams**, 39 A.3d 310, 325 (Pa. Super. 2012) (vacating burglary sentence when burglary was the predicate offense for the second-degree murder conviction).[1] The distinction of import is that Weatherill was convicted of both the robbery and the kidnapping of the murdered victim. He was sentenced on only one of those (kidnapping), presumably because the other (robbery) was the predicate offense for the second-degree murder conviction.[2]

Because Appellant herein was sentenced both for the second-degree murder of Franks and for the predicate offense of the robbery of Franks, his sentence is illegal and is properly vacated by the Majority.

---

[1] This Court's deiscussion on the merger question was not addressed in our Supreme Court's resolution of another issue in the case. **Commonwealth v. Adams**, 104 A.3d 511, 513 n.1 (Pa. 2014) ("No party challenges the sentencing aspect of the Superior Court's decision.").

[2] We are left to presume because, as noted above, the issue was not before this Court. The opinion does indicate that **Weatherill** was sentenced to life imprisonment for second-degree murder, with a consecutive sentence of ten to twenty years for kidnapping. There is no mention of a sentence for robbery.