J-S22041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RASHEEK R. BLACKSTONE, | |
| Appellant | No. 995 MDA 2016 |

Appeal from the PCRA Order May 2, 2016
in the Court of Common Pleas of Dauphin County
Criminal Division at Nos.: CP-22-CR-0001725-2006
CP-22-CR-0001726-2006

BEFORE:  SHOGAN, J., MOULTON, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:               **FILED MAY 02, 2017**

Appellant, Rasheek R. Blackstone, appeals, *pro se*, from the order of May 2, 2016, denying his motion for disposition of pending petition for PCRA[1] relief or immediate discharge.  For the reasons discussed below, we vacate the order and remand with instructions.

On October 13, 2006, following trial, a jury convicted Appellant of two counts of recklessly endangering another person, one count each of aggravated assault, firearms not to be carried without a license, and unlawful to fire any weapon within city limits.  On December 21, 2006, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.

trial court sentenced Appellant to an aggregate term of incarceration of not less than eight nor more than twenty years. Appellant did not file a direct appeal.

On December 7, 2015, Appellant filed a motion claiming that, in 2008, he had filed a petition under the PCRA, which had never been decided by the court. (**See** Motion for Disposition of Pending Petition for PCRA Relief, 12/07/15, at 1). Appellant sought either a decision on the petition or immediate discharge. (**See id.** at 3). The court denied the motion on May 2, 2016. The instant timely appeal followed. The court did not order Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). On July 26, 2016, the court issued a statement in *lieu* of a Rule 1925(a) opinion stating that there is no indication in either docket that a PCRA petition was ever filed for Appellant in 2008. Furthermore, the PCRA court reviewed Appellant's physical files and found no petition in any of them. (**See** PCRA Court Opinion, 7/26/16, at 2); **see also** Pa.R.A.P. 1925(a).

We review this matter to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **See Commonwealth v. Faulk**, 21 A.3d 1196, 1199 (Pa. Super. 2011).

Here, the record demonstrates that Appellant attached a copy of a purported PCRA petition to his motion. The petition appears to be date-stamped as being received by the Clerk of Courts of Dauphin County on

- 2 -

January 18, 2008. (***See*** PCRA Petition, 1/18/08, at unnumbered page 1). Thus, it appears that Appellant may have attempted to file a PCRA petition in 2008 and that the Clerk of Courts date-stamped and may have received the petition.

Accordingly, we vacate the order of May 2, 2016, and remand to the PCRA court for an evidentiary hearing on whether there was a breakdown in the operation of the court in 2008 that may have resulted in a failure to file and docket Appellant's PCRA petition. We direct the PCRA court to appoint counsel to represent Appellant's interests in this hearing. ***See*** Pa.R.A.P. 904. We further direct the court to determine whether Appellant exercised due diligence in waiting almost eight years to ascertain the status of his petition. Specifically, we direct the court to determine if Appellant properly complied with 42 Pa.C.S.A. § 9545(b)(2) ("60 day rule"). ***See also*** 42 Pa.C.S.A. § 9545(b) (petition may be dismissed if delay prejudiced the Commonwealth); ***Cf.***, ***Commonwealth v. Markowitz***, 32 A.3d 706 (Pa. Super. 2011), *appeal denied*, 40 A.3d 1235 (Pa. 2012) (prejudicial delay in filing petition precluded relief); ***Commonwealth v. Weatherill***, 24 A.3d 435 (Pa. Super. 2011), *appeal denied*, 63 A.3d 777 (Pa. 2013) (prejudicial delay prohibited relief where appellant did not filed amended petition for ten years); ***Commonwealth v. Renchenski***, 988 A.3d 699 (Pa. Super. 2010), *affirmed*, 52 A.3d 251 (Pa. 2012) (same). If the court determines that such a breakdown occurred, and that Appellant exercised due diligence in

ascertaining the status of his petition, then we direct it to permit Appellant's PCRA petition to be filed *nunc pro tunc* and to appoint counsel to continue to represent him in any further PCRA proceedings on this petition.

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2017