J-S73005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA MICHA GIANQUITTO | : | |
| | : | |
| Appellant | : | No. 849 MDA 2017 |

Appeal from the PCRA Order May 8, 2017
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0003139-2015

BEFORE:   OLSON, DUBOW, and STRASSBURGER*, JJ.

MEMORANDUM BY STRASSBURGER, J.:         **FILED MARCH 23, 2018**

Joshua Micha Gianquitto (Appellant) appeals from the order entered on May 8, 2017, which denied his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we vacate the order and remand for proceedings consistent with this memorandum.

On July 22, 2015, Appellant pled guilty to one count of flight to avoid apprehension.  Appellant requested that the trial court sentence him to one-to-two years of incarceration and that the sentence run concurrently to his two-to-four year parole-revocation sentence at docket number 3043 CR 2012. The trial court agreed and sentenced Appellant accordingly.  ***See*** N.T., 7/22/2015, at 4.  Appellant did not file a post-sentence motion or direct appeal.

On September 8, 2016, Appellant received notice from the Department of Corrections (DOC) that his maximum date was April 30, 2018.  The DOC

_____
\* Retired Senior Judge assigned to the Superior Court.

notice showed that Appellant's sentences were being run consecutively, rather than concurrently. Thus, on September 19, 2016, Appellant *pro se* sent a motion to the trial court requesting that it order the DOC to comply with the July 22, 2015 sentencing order.[1] The trial court denied that motion the following day.

On November 9, 2016, Appellant filed a *pro se* PCRA petition. Appellant recognized that the petition was filed untimely.[2] However, he claimed that the September 8, 2016 letter from the DOC met the newly-discovered facts exception to the timeliness requirements. **See** 42 Pa.C.S. § 9545(b)(1)(ii) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … the facts upon which the claim is predicated were unknown to the petitioner and could not

---

[1] We observe that any document filed after a judgment of sentence becomes final should be treated as a PCRA petition. **See Commonwealth v. Jackson**, 30 A.3d 462 (Pa. Super. 2011) (noting because the PCRA is intended to be the sole source of post-conviction relief, a motion to correct an illegal sentence, filed after a criminal judgment has become final, is properly addressed as a PCRA petition). Thus, the trial court should have treated this motion as a PCRA petition.

[2] "For purposes of [the PCRA], a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Thus, Appellant's judgment of sentence became final on August 21, 2015, and he had one year, or until August 21, 2016 to file a timely PCRA petition.

have been ascertained by the exercise of due diligence."). In addition, on September 27, 2016, the DOC informed Appellant that "according to Pennsylvania law, [Appellant] must serve [his] backtime first. This means that [the sentences] cannot be served concurrently even if the judge states so."[3] PCRA Petition, 9/9/2016, at Exhibit E.

The PCRA court appointed counsel, and she filed an amended PCRA petition asserting Appellant's newly-discovered fact as an exception to the timeliness requirements and requesting that Appellant be permitted to withdraw his guilty plea. The Commonwealth filed a response, and on April 20, 2017, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 of its intention to dismiss Appellant's petition without a hearing. The PCRA court concluded that it lacked jurisdiction to consider Appellant's petition because the newly-discovered fact did not satisfy the requirements of the PCRA. On May 8, 2017, the PCRA court dismissed Appellant's petition. Appellant timely

_____

[3] The DOC has set forth a correct assessment of Pennsylvania law, which provides the following:

> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S. § 6138(a)(5)(i).

filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant argues the PCRA court erred in concluding that it lacked jurisdiction to entertain Appellant's PCRA petition. Appellant's Brief at 8. Specifically, Appellant argues that the September 8, 2016 sentence status summary from the DOC satisfies the newly-discovered facts exception. *Id*. at 9.

We begin our review by noting the relevant legal principles. "This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error." *Commonwealth v. Weatherill*, 24 A.3d 435, 438 (Pa. Super. 2011). Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). The statutory exception relevant to this appeal is the newly-discovered facts exception which requires proof that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Furthermore, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Both Appellant's September 19, 2016 motion and his November 9, 2016 PCRA petition are facially untimely, as his judgment of sentence became final on August 21, 2015. However, Appellant asserts that his finding out that the

DOC could not implement the sentence imposed by the trial court constituted a newly-discovered fact.

In response, the PCRA court offered the following.

> [Appellant] bases the assertion of a newly[-]discovered fact on the sentence status summary he received informing him that the concurrent sentence was illegal under 61 Pa.C.S. [] § 6138(a)(5)(i). Learning of a state statute does not constitute the discovery of a new fact because the statute is law and not fact. … Additionally, [Appellant] could have discovered the law and status of his sentence with the exercise of due diligence. The law was public and in effect at the time [Appellant] was sentenced and [Appellant] could have discovered its existence with research at the prison's law library. [Appellant] could have also requested a summary of his sentence status a significant amount of time before he actually did so. … With the exercise of due diligence [Appellant] could have become aware of the law and the need to serve the time owed for state parole and filed a timely PCRA petition. [Appellant] did not do so.

PCRA Court Opinion, 4/20/2017, at 3.

In reaching these conclusions, the PCRA court erred in a number of respects. First, Appellant is not asserting, as the PCRA court suggests, that the newly-discovered fact is the statute that renders his sentence illegal. Instead, Appellant asserts that the newly-discovered fact was the September 8, 2016 sentence status summary, which informed him of his maximum date. Upon further inquiry, Appellant learned that there was a statute that prevented the DOC from implementing his sentencing order as written.[4]

---

[4] In **Commonwealth v. Burton**, 158 A.3d 618, 638 (Pa. 2017), our Supreme Court held specifically that "the presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii)

According to Appellant, he did not know this important information,[5] and thus it was newly discovered for the purposes of the exception.

Moreover, not only did Appellant discover a new fact, but he also established that he acted with due diligence.

> Due diligence demands the petitioner to take reasonable steps to protect [his] own interests. This standard, however, entails neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief. Thus, the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented. A petitioner must explain why she could not have learned the new fact earlier with the exercise of due diligence.

***Commonwealth v. Shiloh***, 170 A.3d 553, 558 (Pa. Super. 2017) (internal citations and quotation marks omitted).

Instantly, Appellant was satisfied with the sentence that was imposed, and did not become dissatisfied until the DOC informed him it could not implement the trial court's order. If neither Appellant's counsel nor the trial court knew it was recommending and imposing a sentence that could not be implemented, Appellant acted reasonably under the circumstances by not conducting research into a sentence with which he was pleased. Moreover,

_____

does not apply to *pro se* prisoner petitioners." Thus, the PCRA court was required to conduct a hearing into whether Appellant could have discovered this information in the prison law library as the PCRA court suggests.

[5] In fact, Appellant's plea counsel, the district attorney, and the trial court also did not know this information.

Appellant had no reason to request a summary from the DOC.[6]  However, once Appellant learned that his sentences were not to run concurrently as imposed, he filed both a motion and PCRA petition.  These facts satisfy Appellant's due diligence requirement.

In addition, Appellant filed both a *pro se* motion and PCRA petition within the 60-day timeframe required by 42 Pa.C.S. § 9545(b)(2) ("Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented[.]").  Appellant received a letter from the Department of Corrections on September 8, 2016, and the 60th day thereafter is November 7, 2016.  Appellant's motion was filed was September 19, 2016 and Appellant's PCRA petition was docketed on November 9, 2016.  "[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." ***Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa. Super. 2011).  Because November 8, 2016 was Election Day, there is no question that Appellant delivered his *pro se* PCRA petition to prison authorities by November 7, 2016.  Thus, Appellant has satisfied 42 Pa.C.S. § 9545(b)(2) with respect to both filings.

---

[6] According to the PCRA court, it is "hard to believe that an incarcerated individual would not know [his] exact release date or would at least inquire within a year of incarceration as to when [he] would be released." PCRA Court Opinion, 4/20/2017, at 3 n. 1.  However, to the extent the PCRA court believed Appellant did not act with due diligence, it should have held a hearing to reach that conclusion.

Based on the foregoing, Appellant has pled and proven the newly-discovered facts exception to the PCRA timeliness requirements. Therefore, the PCRA court erred in concluding that it lacked jurisdiction to entertain Appellant's PCRA petition. Accordingly, we vacate the order of the PCRA court and remand for proceedings to consider the petition on its merits. In doing so, the trial court should consider that its sentencing order is being overruled by the DOC, an issue that has recently arisen in the Commonwealth Court.

> [I]n ***Kerak v. Pennsylvania Board of Probation and Parole***, [153 A.3d 1154 (Pa. Cmwlth. 2016) (*en banc*), the Commonwealth Court] addressed whether the Board [of Probation and Parole] erred in recalculating a parolee's maximum date by not giving the parolee credit based on a sentencing judge's order, pursuant to a plea agreement under the Post Conviction Relief Act, that indicated that the parties intended "to permit the instant sentence to be served concurrently with a state probation/parole violation [Kerak] is currently serving [on his original aggravated assault conviction] without violating the provisions of [Section 6138(a) of the ... Code]." ***Kerak***, [153 A.3d at 1136] (footnote omitted). Relying on Section 6138(a)(5) of the Code, [and other case law], a majority of this [the Commonwealth Court] affirmed the Board's decision not to run the parolee's new sentence concurrently with his backtime for his original sentence, "notwithstanding the [sentencing judge's] order to the contrary" and in recalculating the parolee's new maximum date without giving the parolee credit based on the ordered concurrent sentences. [***Id***. at 1141.] ***Kerak*** analyzes the case law the Board relies upon here to argue that it was permissible for the Board to not credit Heidelberg's original sentence for time served on his new sentence even though common pleas sentenced him to concurrent sentences, and its holding represents the current view of a majority of this Court. We are bound by ***Kerak***, and, notwithstanding common pleas' order directing concurrent sentences, we are required to find no error in the Board's decision, pursuant to Section 6138(a)(5) of the Code, not to credit Heidelberg with the requested 304 days.

***Heidelberg v. Pennsylvania Bd. of Prob. & Parole***, __ A.3d __, 2017 WL 242769, at \*5 (Pa. Cmwlth. 2017).

In both ***Kerak*** and ***Heidelberg***, Commonwealth Court judges expressed their concerns about this situation. In ***Kerak***, Judge Cohn Jubelirer, joined by Judge McCullough, dissented writing:

> I disagree with the Majority's approval of an executive branch agency's authority, here, the Pennsylvania Board of Probation and Parole (Board), to **ignore** key provisions of an unappealed final order issued by a court. Under our constitutional system, executive branch agencies must comply with final orders of a court until a court corrects or amends that order, even if agency officials believe the order does not comply with the law. … If the government agency is aggrieved by the illegal sentence, it is the agency's responsibility to seek the appropriate form of relief. Unless and until a court grants relief and modifies the sentence, the Board must comply with the sentencing order.

153 A.3d at 1142, 1145 (Cohn Jubelirer, J. dissenting).

In ***Heidelberg***, Judge Cosgrove agreed with the dissent in ***Kerak*** and added:

> Separation of powers principles demand unfettered executive respect for the decisions of the judiciary. … This is most especially true in a case such as this where the order involves the imposition of a sentence. There is no judicial action more intimate or impactful than the sentencing decision. … Yet ***Kerak***, and now the present decision, reduce that most significant of judicial actions to a mere footnote in the hands of an executive agency. I cannot think of a greater insult to judicial independence than to subject a judge's sentencing decision to the approval or rejection of another branch of government.

***Heidelberg***, 2017 WL 242769, at \*7 (Cosgrove, J. dissenting).

While the case law at this juncture supports the actions of the DOC, there appears to be legitimate disagreement about whether such actions are constitutional.

Based on the foregoing, we vacate the order of the PCRA court and remand for proceedings consistent with this memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

Judge Dubow joins the memorandum.

Judge Olson files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/23/2018