J-S82033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAKIR ERRAFAQ | : | |
| | : | |
| Appellant | : | No. 896 WDA 2017 |

Appeal from the PCRA Order May 19, 2017
in the Court of Common Pleas of Butler County
Criminal Division at No(s):  CP-10-CR-0002400-2014

BEFORE: BENDER, P.J.E., STEVENS, P.J.E.*, and STRASSBURGER, J.**

MEMORANDUM BY STRASSBURGER, J.:                 **FILED APRIL 9, 2018**

Chakir Errafaq (Appellant) appeals from the order entered on May 19, 2017, which denied his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we vacate the order and remand for proceedings consistent with this memorandum.

On May 7, 2015, Appellant pled guilty to one felony count of delivery of a controlled substance (oxycodone) in violation of 35 P.S. § 780-113(a)(30). On July 21, 2015, in accordance with the agreed-upon recommended sentence, Appellant was sentenced to six to twelve months' incarceration with immediate parole and 48 months' probation to run concurrently.   Appellant did not file a post-sentence motion or direct appeal.

_____
* Former Justice specially assigned to the Superior Court.

** Retired Senior Judge assigned to the Superior Court.

On March 17, 2017, Appellant, through private counsel, filed a PCRA petition. Appellant recognized that the petition was facially untimely.[1] However, Appellant asserted the applicability of the newly-discovered facts time-bar exception. *See* 42 Pa.C.S. § 9545(b)(1)(ii) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence.").

Specifically, Appellant is a citizen of Morocco who was residing in the United States as a lawful permanent resident. On January 19, 2017, the United States Immigration and Customs Enforcement (ICE) took Appellant into custody for alleged violations of the Immigration and Nationality Act (INA). PCRA Petition, 3/17/2017, at 2. According to Appellant, his felony conviction of delivery of a controlled substance in Pennsylvania rendered him deportable under the INA, a fact he learned for the first time upon being taken into custody. *Id.* at 3. Appellant avers that his plea counsel never advised him that pleading guilty to delivery of a controlled substance would render

---

[1] "For purposes of [the PCRA], a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Thus, Appellant's judgment of sentence became final on August 20, 2015, and he had one year, or until August 20, 2016, to file timely a PCRA petition.

him deportable; the immigration and deportation consequences were never addressed on the record during his plea and sentencing hearings; and he was otherwise unaware of the immigration consequences of his plea. *Id.* Therefore, Appellant took no action to challenge his plea. *Id.* at 4. Appellant alleges that immediately after learning that his conviction rendered him deportable, he hired immigration counsel, who advised him to hire criminal defense counsel. *Id.* His defense counsel then filed a PCRA petition within 60 days of Appellant's being taken into custody. *Id.*

On March 27, 2017, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 of its intention to dismiss Appellant's petition without a hearing. The PCRA court concluded that it lacked jurisdiction to consider Appellant's petition because Appellant did not establish the applicability of the newly-discovered facts time-bar exception. Appellant filed a response. On May 8, 2017, the PCRA court dismissed Appellant's petition.

Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. On appeal, Appellant argues the PCRA court erred in concluding that it lacked jurisdiction to entertain Appellant's PCRA petition. Appellant's Brief at 5.

We begin our review by noting the relevant legal principles. "This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error." ***Commonwealth v. Weatherill***, 24 A.3d 435, 438 (Pa. Super. 2011). Any PCRA petition, including second and

subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). The statutory exception relevant to this appeal is the newly-discovered facts exception which requires proof that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Furthermore, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

There is no dispute that Appellant's March 17, 2017 PCRA petition is facially untimely, as his judgment of sentence became final on August 20, 2015. Thus, the dispute centers upon whether Appellant established the newly-discovered fact exception in his petition. In determining that Appellant's petition was untimely filed, the PCRA court determined that Appellant was improperly relying upon his counsel's ineffectiveness, which could not serve as the factual basis for the newly-discovered facts exception. PCRA Court Opinion, 4/27/2017, at 3. The court also found that Appellant did not demonstrate that he exercised due diligence in discovering the deportation consequences of his conviction because the INA statute subjecting him to deportation was available in the public domain. *Id.* Furthermore, because

- 4 -

*Padilla v. Kentucky*, 559 U.S. 356 (2010),[2] was available in the public domain since 2010, the court contends that Appellant failed to demonstrate that he used due diligence to discover his plea counsel's ineffectiveness in failing to advise him of the immigration consequences of his plea. *Id.* at 4.

In reaching these conclusions, the PCRA court erred in a number of respects. First, Appellant is not asserting, as the PCRA court suggests, that the newly-discovered fact is counsel's ineffectiveness in failing to advise him of the immigration consequences set forth in the INA. Instead, Appellant asserts that his detainment and pending deportation, which alerted him to the immigration consequences of his plea, are the newly-discovered facts upon which his claim of ineffective assistance of counsel is predicated. *Id.* at 17-20. According to Appellant, he did not know that ICE would deport him due to his conviction until he was detained, and thus it was newly discovered for the purposes of the exception.

Moreover, not only did Appellant discover new facts, but he also established that he acted with due diligence.

> Due diligence demands the petitioner to take reasonable steps to protect [his] own interests. This standard, however, entails neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief. Thus, the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented. A petitioner

---

[2] *Padilla* provides that criminal defense counsel has an affirmative duty to inform a defendant that the offense to which the defendant is pleading guilty can result in deportation. 559 U.S. at 368-69.

must explain why she could not have learned the new fact earlier with the exercise of due diligence.

***Commonwealth v. Shiloh***, 170 A.3d 553, 558 (Pa. Super. 2017) (internal citations and quotation marks omitted).

Instantly, Appellant was satisfied with his plea, and did not become dissatisfied until he learned that his plea subjected him to adverse immigration consequences. Appellant emphasizes that his plea counsel did not advise him that his plea subjected him to mandatory deportation or any potential adverse immigration consequences at all.[3] Appellant also points out that no one alerted him to the potential adverse immigration consequences as part of his written plea colloquy or his plea and sentencing hearings, and he had no other reason to look into potential consequences. According to Appellant,

> … the PCRA Court effectively concluded that due diligence required Appellant to familiarize himself with the legal decision in ***Padilla*** and to discover, interpret, and analyze the relevant federal statutes pertaining to deportation to noncitizens on the basis of certain criminal convictions. Appellant submits that such diligence is unreasonable for a layperson to accomplish, especially when his prior attorney did not even place him on notice that there **could** be an issue with his immigration status if he was convicted of the crimes charged.

Appellant's Brief at 21 (emphasis in original).

---

[3] Again, Appellant is not asserting that his counsel's failure to advise him is the fact upon which his claim is predicated; instead, in this situation, his counsel's failure to advise him is part of the reason why Appellant believes he has exercised due diligence. In other words, the failure of Appellant's attorney to alert him to the potential consequences of his plea is one of the reasons Appellant never looked further into the immigration consequences of his plea.

We are persuaded by Appellant's argument. If Appellant had been put on notice at any time by any source that his plea **might** have subjected him to adverse immigration consequences, it would have been unreasonable for Appellant not to take further steps to discover the adverse consequences of his plea within the timeframe allotted by the PCRA for challenging his sentence collaterally. But since Appellant was unaware that there could be immigration consequences by pleading guilty, and he was satisfied with his plea and sentence, he acted reasonably under the circumstances by not conducting research into the immigration consequences of his plea. Once Appellant learned that his plea subjected him to deportation, he filed a PCRA petition. These facts satisfy Appellant's due diligence requirement.

In addition, Appellant filed his PCRA petition within the 60-day timeframe required by 42 Pa.C.S. § 9545(b)(2) ("Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented[.]"). Appellant learned of the adverse immigration consequences of his plea on January 19, 2017, upon his detainment, and the 60th day thereafter is March 20, 2017. Appellant's petition was filed on March 17, 2017. Thus, Appellant has satisfied 42 Pa.C.S. § 9545(b)(2).

Based on the foregoing, Appellant has pled and proven the newly-discovered facts exception to the PCRA timeliness requirements. Therefore,

the PCRA court erred in concluding that it lacked jurisdiction to entertain Appellant's PCRA petition, and we vacate the order entered on May 19, 2017.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

PJE Bender joins the memorandum.

PJE Stevens files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/9/2018