J-S82033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAKIR ERRAFAQ | : | |
| | : | No. 896 WDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order May 19, 2017
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0002400-2014

BEFORE:   BENDER, P.J.E., STEVENS*, P.J.E., and STRASSBURGER**, J.

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:      **FILED APRIL 9, 2018**

Respectfully, I take judicial notice that on January 10, 2018, Governor Tom Wolf signed a statewide disaster declaration recognizing the seriousness Pennsylvania residents face from illegal drugs, specifically opioids.

Granting additional rights to a resident-alien convicted felon who has sold opioids and preventing his deportation in this case jeopardizes the safety of our Pennsylvania citizens, flies in the face of Pennsylvania policy on opioids, and insults all law-abiding American citizens.  The detainment and deportation should proceed.

_____
*   Former Justice specially assigned to the Superior Court.
** Retired Senior Judge assigned to the Superior Court.

The Majority concludes Appellant met the newly-discovered facts exception to the PCRA[1] timeliness requirements. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). Specifically, the Majority finds Appellant met the exception by pleading he was not aware of the possible deportation consequences of entering his guilty plea on May 7, 2015, until ICE[2] took him into custody on January 19, 2017. Thus, the Majority remands for a hearing on Appellant's underlying claim that guilty plea counsel was ineffective in advising him to plead guilty without informing him that he could be deported.

Appellant was satisfied with his plea and now makes a mockery of our legal system by claiming no one alerted him to the potential adverse immigration consequences. For example, there is no indication Appellant even informed his guilty plea counsel of his immigration status, and, thus, Appellant uses our legal system to short-circuit valid, existing immigration laws to delay what should be his inevitable deportation.

Appellant, who is a citizen of Morocco and a resident-alien of the United States, pled guilty to selling opioids and rightfully is facing deportation. The PCRA court properly concluded that Appellant did not exercise due diligence in discovering the alleged new fact (possible deportation).

---

[1] Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.

[2] ICE refers to the United States Immigration and Customs Enforcement.

As the PCRA court found, "nothing in [Appellant's] petition supports the notion that he could not have discovered the deportation consequences, or the possible deportation consequences, of his conviction through the exercise of due diligence during the time for filing a [timely PCRA] petition." PCRA Court Opinion, filed 3/27/17, at 5. The PCRA court's determination is free of legal error. *See **Commonwealth v. Weatherill***, 24 A.3d 435, 438 (Pa.Super. 2011).

It is axiomatic that ignorance of the law is no excuse, and Appellant's claim that it is unreasonable for a layperson to be aware of the law should be rejected.

For our Court to agree with Appellant and set such a policy will lead to a plethora of illegitimate claims to set aside a knowing, voluntary, and intelligent guilty plea.

Thus, I would affirm the PCRA court's order denying Appellant's PCRA petition on the basis it was untimely filed, and would direct the detainment and deportation to proceed.

The learned PCRA judge's decision should be upheld. I respectfully dissent.