J-S19007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEVIN SMITH | : | |
| | : | |
| Appellant | : | No. 2409 EDA 2018 |

Appeal from the PCRA Order Entered July 13, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010586-2013

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 18, 2019**

Devin Smith appeals from the order, entered in the Court of Common Pleas of Philadelphia, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon careful review, we affirm.

In February 2013, Smith killed Ramona Bell in a Philadelphia "crack house" by beating her about the head and body.  A jury convicted Smith of third-degree murder on July 10, 2014 and, on November 14, 2014, the court sentenced him to 20 to 40 years' incarceration.  Smith appealed; this Court affirmed his judgment of sentence on March 9, 2016.  ***See Commonwealth v. Smith***, 144 A.3d 193 (Pa. Super. 2016) (Table).  In doing so, this Court found Smith's sole appellate issue—a challenge to the sufficiency of the evidence—waived for failure to specify any unproven element of third-degree murder.  The Pennsylvania Supreme Court denied allowance of appeal on

_____

* Retired Senior Judge assigned to the Superior Court.

August 25, 2016. *See Commonwealth v. Smith*, 145 A.3d 726 (Pa. 2016) (Table).

On January 26, 2017, Smith filed the instant *pro se* PCRA petition. Counsel was appointed and filed an amended petition, alleging appellate counsel's ineffectiveness for filing an inadequate Pa.R.A.P. 1925(b) statement, resulting in the waiver of Smith's appellate claim. Smith requested reinstatement of his appellate rights *nunc pro tunc*. The PCRA court dismissed Smith's petition on July 18, 2018. This timely appeal follows, in which Smith raises the following claim for our review:

> Did the PCRA [c]ourt err when it dismissed [Smith's] [*p*]*ro* [*s*]*e* [p]etition without a hearing and all where [Smith], on the papers, had pled and proved that he was entitled to relief?

Brief of Appellant, at 3.

We begin by noting:

> This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Weatherill*, 24 A.3d 435, 438 (Pa. Super. 2011).

Smith's claim asserts the ineffectiveness of appellate counsel. "It is settled that the test for counsel ineffectiveness is the same under both the Pennsylvania and Federal Constitutions: it is the performance and prejudice test set forth in *Strickland v. Washington*, 466 U.S. 668 [] (1984)." *Commonwealth v. Gribble*, 863 A.2d 455, 460 (Pa. 2004).

> [T]he constitutional ineffectiveness standard requires the defendant to rebut the presumption of professional competence by demonstrating that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim.

*Commonwealth v. Spotz*, 870 A.2d 822, 829–30 (Pa. 2005) (internal citations omitted).

In his brief, Smith recites the legal standards applicable to ineffectiveness claims and then presents the following argument, reproduced here in its entirety, asserting that, if Smith's appellate rights were reinstated,

> counsel would have to argue that [Smith] acted without malice. While that might be a difficult argument to make, it can be made in that, at least in general, [Smith] can be said, perhaps, not to have acted out of hardness of heart but out of an instantaneous rage and that he did not have the mental state for [m]urder in the [t]hird [d]egree, to wit, with malice.

Brief of Appellant, at 8.

Smith's argument is woefully insufficient. He completely fails to apply the facts of this case to any of the three prongs of the *Strickland* ineffectiveness test or to provide any evidentiary support for his claims. In particular, with regard to the "reasonable basis" prong of the *Strickland* test, Smith fails to provide any evidence, such as an affidavit from his appellate counsel, showing why counsel did not challenge the "malice" element of third-degree murder on appeal. Where a claim is based solely on speculation and is unsupported by affidavits or other evidence of record, the claim must fail.

*See Commonwealth v. Roney*, 79 A.3d 595, 607 (Pa. 2013) (appellant not entitled to relief on ineffectiveness claim based solely on speculation). *See also Commonwealth v. Marshall*, 812 A.2d 539, 548 (Pa. 2002) (appellant failed to establish reasonable basis prong of ineffectiveness test because, *inter alia*, appellant did not proffer affidavits from trial counsel, and did not provide explanation as to why such affidavits could not be procured). In addition, Smith fails to plead or prove that the outcome of trial would have been different. Indeed, counsel concedes that a claim that Smith acted without malice "might be a difficult argument to make." Brief of Appellant, at 8.

In short, boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. *Commonwealth v. Paddy*, 15 A.3d 431, 443 (Pa. 2011). Accordingly, the PCRA court properly denied Smith relief without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/19