J-S31030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRELL FAULCON | : | |
| | : | |
| Appellant | : | No. 3269 EDA 2017 |

Appeal from the PCRA Order September 12, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0308001-1995

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.: **FILED JUNE 12, 2018**

Terrell Faulcon appeals, *pro se*, from the order of the Court of Common Pleas of Philadelphia County dismissing as untimely his petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"). We affirm.

On September 25, 1996, a jury convicted Faulcon of one count each of first-degree murder, conspiracy and possession of instruments of crime ("PIC"). Faulcon was sentenced to a mandatory term of life imprisonment for the murder conviction, followed by consecutive terms of imprisonment of five to ten years for conspiracy and two to five years for PIC. This Court affirmed his judgment of sentence on April 6, 2000. On November 21, 2000, our Supreme Court denied Faulcon's application for permission to file a petition for allowance of appeal *nunc pro tunc*.

Faulcon filed a *pro se* PCRA petition on April 9, 2001. Counsel filed an amended petition on October 22, 2001, which was denied by the PCRA court

on June 17, 2002. This Court affirmed the PCRA court's order on June 18, 2003, and our Supreme Court denied allowance of appeal on March 30, 2004.

Faulcon filed the instant PCRA petition, *pro se*, on August 20, 2012. On June 20, 2017,[1] the PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Faulcon filed objections to the court's Rule 907 notice. The court dismissed Faulcon's petition on September 12, 2017. This timely appeal follows, in which Faulcon asserts that the PCRA court erred in dismissing his petition as untimely.[2]

We begin by noting that:

> This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

**Commonwealth v. Weatherill**, 24 A.3d 435, 438 (Pa. Super. 2011).

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1); **see also Commonwealth v. Bretz**, 830 A.2d 1273, 1275 (Pa. Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme

---

[1] It is unclear from the certified record why the PCRA court took nearly five years to rule on Faulcon's petition.

[2] The PCRA court did not order Faulcon to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal and he did not do so.

Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3); *see also Commonwealth v. Pollard*, 911 A.2d 1005, 1007 (Pa. Super. 2006). Here, Faulcon's' judgment of sentence became final on or about May 6, 2000, upon the expiration of time for seeking allowance of appeal to the Pennsylvania Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). Thus, Faulcon had one year from that date, or until May 6, 2001, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b). Faulcon did not file the instant petition, his second, until August 20, 2012, more than twelve years after his judgment of sentence became final. Accordingly, the PCRA court had no jurisdiction to entertain Faulcon's petition unless he pleaded and proved one of the three statutory exceptions to the time bar.[3] *See* 42 Pa.C.S.A. § 9545(b)(1). A petition invoking one of the exceptions must be filed within

---

[3] The statutory exceptions to the time bar are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Faulcon attempts to circumvent the time bar by asserting the "newly recognized constitutional right" exception under subsections 9545(b)(1)(iii). Specifically, Faulcon asserts that he is entitled to relief pursuant to **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), and **Miller v. Alabama**, 567 U.S. 460 (2012). In **Miller**, the Supreme Court held that mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishment. In **Montgomery**, the Court held that **Miller** announced a new substantive constitutional rule that applied retroactively on state collateral review. Although Faulcon concedes that he was over the age of 18 at the time he committed his crime, he claims that **Miller** should apply to him on equal protection grounds, arguing that

> [e]veryone with an immature brain is similarly situated in comparison to adults with mature brains. Therefore, it would be a violation of equal protection for the courts to treat anyone with an immature brain as an adult, whether their brain is immature because they are 17, 24, or if their maturity has been delayed beyond age 25 by chronic traumatic abuse.

Brief of Appellant, at 9. Faulcon is not entitled to relief.

It is undisputed that Faulcon committed his crime at the age of 24. The Supreme Court's ruling in **Miller** applies solely to defendants who had not reached the age of majority, or eighteen years of age, at the time they committed their crime. Accordingly, on its face, **Miller** is inapplicable to

Faulcon's case. Moreover, we have previously rejected an equal protection claim identical to that proffered by Faulcon, concluding that a "contention that a newly-recognized constitutional right *should* be extended to others does not render [a] petition timely pursuant to section 9545(b)(1)(iii)." *Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa. Super. 2013). *See also Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016) ("nothing in *Montgomery* undermines *Cintora*'s holding that petitioners who were older than 18 at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)"). Because Faulcon has not established one of the exceptions to the PCRA time bar, the PCRA court properly dismissed his petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/18