J-S44012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYRONE JAMES | : | |
| | : | |
| Appellant | : | No. 2165 EDA 2017 |

Appeal from the PCRA Order June 16, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0303891-2002

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 08, 2019**

Tyrone James appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon careful review, we affirm.

On March 25, 2003, James was convicted of first-degree murder and related offenses.  On May 22, 2003, the trial court sentenced James to a mandatory term of life imprisonment for first-degree murder, plus a consecutive term of 10½ to 25 years on the remaining counts.  James's post-sentence motions were denied and this Court affirmed his judgment of sentence on September 15, 2004.  ***See Commonwealth v. James***, 863 A.2d 1225 (Pa. Super. 2004) (Table).  Our Supreme Court denied allowance of appeal on February 23, 2005.  ***See Commonwealth v. James***, 870 A.2d 320 (Pa. 2005) (Table).

James filed a timely first *pro se* PCRA petition on January 17, 2006. Counsel was appointed and filed a **Turner**/**Finley**[1] "no-merit" letter. The PCRA court granted counsel's request to withdraw and dismissed James's petition on October 6, 2006; James's appeal was dismissed by this Court for failure to file a brief. James filed the instant *pro se* petition, his second, on March 23, 2016. The PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 on May 4, 2017. James filed a response and, on June 16, 2017, the court formally dismissed his petition. This timely appeal follows.

We begin by noting:

> This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

**Commonwealth v. Weatherill**, 24 A.3d 435, 438 (Pa. Super. 2011).

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1); **see also Commonwealth v. Bretz**, 830 A.2d 1273, 1275 (Pa. Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3); ***see also***

***Commonwealth v. Pollard***, 911 A.2d 1005, 1007 (Pa. Super. 2006).

Here, James's judgment of sentence became final on or about May 24, 2005, upon the expiration of the ninety-day deadline for filing a petition for writ of certiorari with the United State Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Sup.Ct.R. 13. Thus, James had one year from that date, or until May 24, 2006, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b). James did not file the instant petition, his second, until March 23, 2016, nearly eleven years after his judgment of sentence became final. Accordingly, the PCRA court had no jurisdiction to entertain James's petition unless he pleaded and proved one of the three statutory exceptions to the time bar.[2] ***See*** 42 Pa.C.S.A. § 9545(b)(1). A petition invoking one of the exceptions must be

---

[2] The statutory exceptions to the time bar are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

James attempts to circumvent the time bar by asserting the "newly recognized constitutional right" exception under subsection 9545(b)(1)(iii). Specifically, James asserts that he is entitled to relief pursuant to **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), and **Miller v. Alabama**, 567 U.S. 460 (2012). In **Miller**, the Supreme Court held that sentences of mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violate the Eighth Amendment's prohibition on cruel and unusual punishment. In **Montgomery**, the Court held that **Miller** announced a new substantive constitutional rule that applied retroactively on state collateral review.

Although James concedes he was over the age of 18 at the time he committed his crime, he claims that **Miller** should apply to him on equal protection, Eighth Amendment and state proportionality grounds.[3] Specifically, James alleges that developments in psychology and brain science have demonstrated that science is unable to draw a bright line between

_____

[3] James bases his claim primarily on Article 1, § 26 and Article 1, § 13 of the Pennsylvania Constitution, while the new constitutional right announced in **Miller** was grounded in the Eighth Amendment to the United States constitution. However, equal protection under the Pennsylvania Constitution is coextensive with the Equal Protection Clause in the United States Constitution and Article 1, § 13 of the Pennsylvania Constitution contains no broader protection than the Eighth Amendment. **See Commonwealth v. Albert**, 758 A.2d 1149 (Pa. 2000); **Commonwealth v. Lankford**, 164 A.3d 1250, 1253 (Pa. Super. 2017).

childhood and adulthood and that, "absent chronological age, there is no scientific difference between an individual aged 17 and one aged 24." Brief of Appellant, at 13. As such, the application of *Miller* to only those individuals under the numerical age of 18 is arbitrary and offends the Equal Protection Clause and Eighth Amendment with respect to an individual over the age of 18 whose "brain has been scientifically proven to be no different than those afforded relief" under *Miller*. Brief of Appellant, at 7.

Because it is undisputed that James committed his crime at the age of 19, on its face, *Miller* is inapplicable to James's case. Moreover, we have repeatedly declined to extend the protections of *Miller* to those who assert that, while they were over the age of 18 at the time they committed their offense, they nevertheless possessed "characteristics of youth" that rendered them less culpable under *Miller*'s rationale. *See Commonwealth v. Lee*, 2019 PA Super 64 (Pa. Super. 2019) (en banc) (holding numerical age sole factor in determining whether *Miller* applies and declining to extend *Miller's* categorical holding until United States Supreme Court or Pennsylvania Supreme Court recognize new constitutional right in non-juvenile offender); *Commonwealth v. Montgomery*, 181 A.3d 359 (Pa. Super. 2018) (en banc) (declining to extend *Miller* to adults whose brains were not fully developed at time of offense because "a contention that a newly-recognized constitutional

right should be extended to others" does not satisfy new-constitutional-rule exception to PCRA time bar).[4]

Because James has not established an exception to the PCRA time bar, the PCRA court properly dismissed his petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/19

---

[4] While **Lee** and **Montgomery** were decided on Eighth Amendment grounds, James also asserts claims based on equal protection. However, as we noted in **Montgomery**,

> Neither the Supreme Court of the United States nor our Supreme Court has held that **Miller** announced a new rule under the Equal Protection Clause. Instead, **Miller** only announced a new rule with respect to the Eighth Amendment. Thus, contrary to [petitioner's] assertion, his Equal Protection Clause argument is also an attempt to extend **Miller's** holding.

**Montgomery**, 181 A.3d at 366.